■ BENJAMIN G. SPRECHER et al., Respondents-Appellants, v DOW JONES AND COMPANY, INC., et al., Appellants-Respondents. — Order of the Supreme Court, New York County (Lane, J.), entered December 15, 1981, which granted defendants' motion to dismiss the first cause of action (prima facie tort, malicious interference with business and injurious falsehood) and the second cause of action (abuse of process), but denied the motion as to the third cause of action (defamation), is modified, on the law, with costs to defendants, to the extent of dismissing the third cause of action and otherwise affirmed. The instant action was instituted by plaintiffs, who are both attorneys, to recover compensatory and punitive damages for alleged injuries to their personal and business reputations arising out of the publication of two articles on November 4, 1977 and January 7, 1980. These articles appeared in the *Wall Street Journal,* which is owned by defendant Dow Jones and Company, and were written by defendant Burt Schorr, who is a reporter with the newspaper. The stories concerned a lawsuit brought by the Securities and Exchange Commission against a number of defendants, including plaintiffs Sprecher and Roth, which charged fraud in connection with the sale and registration of certain stock. The first article reported the commencement of the SEC action, while the second was written at the conclusion of the litigation. In their amended verified complaint, dated March 12, 1980, plaintiffs assert that the 1977 story was "extremely deprecatory and inflammatory" and that the 1980 article was "false, misleading and inflammatory" and "false and defamatory". They maintain that the stories were the result of a conspiracy between Schorr and an SEC official to destroy the plaintiffs' reputation and business and were not published for any legitimate newsworthy reason. In that regard, they allege

malicious interference with plaintiffs' business relationships, prima facie tort and injurious falsehood (first cause of action), abuse of process (second cause of action) and defamation (third cause of action). The third cause of action, relating solely to the 1980 article, rests on the proposition that a person reading that story would wrongfully conclude that because some of the defendants in the SEC suit signed a consent decree and were permanently enjoined by court order from future violations of Federal securities law, the plaintiffs also settled by entering into such a consent decree. According to plaintiffs, this false implication was extremely harmful to their personal and business reputations, since, under the Securities Law of 1933, anyone signing a consent decree with the SEC is barred from acting as an issuer of regulation A securities or as an attorney for the issuer of such securities or both. In effect, plaintiffs base their charge of falsity and defamation on the failure of the story to mention the fact that the SEC actually discontinued the suit against them "with prejudice". In response, defendants argue that the articles were not defamatory, but represented true and accurate reporting of the official proceedings and are, in addition, privileged under section 74 of the Civil Rights Law, which provides that a "civil action cannot be maintained * * * for the publication of a fair and true report of any judicial proceeding". The court below dismissed the first cause of action "as sounding in defamation and time barred as to the first article and failing to state a cause of action with respect to the second" and also dismissed the second cause of action. However, the court declined to dismiss the third cause of action. Plaintiffs have not appealed from dismissal of the action with respect to the 1977 article, so only the claims surrounding the 1980 story need be considered. An examination of the 1980 article, both by itself and in conjunction with the 1977 story, does not reveal anything at all which can be construed as untrue or misleading. The only reference which it makes to the plaintiffs is the following paragraph: "Three individuals named in the SEC's complaint also settled with the agency by agreeing to certain restrictions on the sale of Five Star Stock they own. They are Edward H. Miller, a Fort Erie, Ontario, businessman; and Benjamin G. Sprecher and Maurice S. Roth, both New York lawyers." The information contained in this report is accurate and does not imply that the restrictions imposed upon some of the other defendants in the SEC suit were also imposed upon Sprecher and Roth. Further, the term "with prejudice" is a legal one which has little, if any, meaning to the average reader. To hold that a possible omission of this nature by a reporter may be deemed defamatory would place upon the press the onerous and unreasonable burden of having to ascertain, whenever a news story is published, if something might conceivably have been left out which could be subject to misconception. As the Court of Appeals declared in *Tracy v Newsday, Inc.* (5 NY2d 134, 136): "It is for the court, however, to decide whether a publication is capable of the meaning ascribed to it * * * If the article is not susceptible of a libelous meaning, then innuendo cannot make it libelous." In *Cohn v National Broadcasting Co.* (50 NY2d 885, 887) the court stated that: "While it is true that the courts ' "will not strain" to interpret [allegedly defamatory works] "in their mildest and most inoffensive sense to hold them nonlibelous" ' (*November v Time Inc.,* 13 NY2d 175, 178, quoting *Mencher v Chesley,* 297 NY 94, 99), it is also true that courts will not strain to find a defamatory interpretation where none exists (see *Tracy v Newsday, Inc.,* 5 NY2d 134)." Whether or not a particular article constitutes unbalanced reporting is essentially a matter involving editorial judgment and is not actionable (*Columbia Broadcasting v Democratic Committee,* 412 US 94; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369; *James v Gannett Co.,* 40 NY2d 415). The "omission of relatively minor details in an otherwise basically

accurate account is not actionable". (*Rinaldi v Holt, Rinehart & Winston, supra,* at p 383.) Moreover, the article in question is privileged under section 74 of the Civil Rights Law. The only statement which was not derived from the SEC litigation release or the various stipulations and consent decree was a portion of a single sentence — "the agency chose to drop the charges against the seventh [defendant]." These innocuous words are scarcely sufficient to remove the 1980 story from the protection of section 74. "For a report to be characterized as 'fair and true' within the meaning of the statute, thus immunizing its publisher from a civil suit sounding in libel, it is enough that the substance of the article be substantially accurate." (*Holy Spirit Assn. for Unification of World Christianity v New York Times Co.,* 49 NY2d 63, 67.) While plaintiffs' first two causes of action are also without merit on substantive grounds, further discussion in this regard is unnecessary since the section 74 privilege also invalidates these claims. Concur — Sandler, J. P., Sullivan, Markewich, Fein and Milonas, JJ.