■ WALTER HANDLIN et al., Respondents, v V. RENATO BURKHART et al., Appellants. — In a libel action, defendants appeal from an order of the Supreme Court, Nassau County (Christ, J.), dated August 3, 1983, which denied their motion for summary judgment pursuant to CPLR 3212 dismissing the complaint. ¶ Order modified, on the law, by deleting the provision which denied defendants' motion dismissing the complaint with respect to Peter Mataxes, and substituting therefor a provision granting defendants' motion for summary judgment dismissing the complaint with respect to Peter Mataxes. As so modified, order affirmed, without costs or disbursements. ¶ Defendant Lido Shores Corporation is a company which, pursuant to contract, provided catering and other services to the United Nations. Plaintiffs Walter Handlin and Peter Mataxes were employed at the United Nations by Lido Shores, the former as a bar manager and the latter as a bartender. Defendant V. Renato Burkhart was appointed by Lido Shores in August, 1980 to the position of

general manager of catering services at the United Nations. After his appointment Burkhart reviewed the departments and personnel under his supervision. He allegedly met with Handlin in or about September, 1980 to discuss certain problems Burkhart observed in the North Lounge, where Handlin was bar manager. The subject matter of their discussion included the presence of water in alcoholic spirits, missing items, and the appearance of the bar. Handlin allegedly replied that the problems which were discussed would be rectified. Burkhart subsequently decided that in addition to the regular monthly audits conducted prior to the opening of the bars, a second audit would be performed at the North Lounge on the same date as the regular audit, but at the close of business. Two such special audits were conducted, one on October 1, 1980 and one on November 3, 1980. The audits revealed a considerable discrepancy between potential sales and actual sales of liquor. Burkhart also discovered by visual and taste tests that certain bottles of superior brand liquor did not contain their original product, but rather contained an inferior brand of liquor, and that water had been added to certain liquor. ¶ On the basis of these findings, Burkhart met with Handlin and Mataxes on January 18, 1981 and requested their resignations. Burkhart explained that the reason their resignations were being requested was because of the discovery of certain improprieties in the North Lounge. Handlin and Mataxes refused to resign. ¶ On January 20, 1981 a second meeting was held. Burkhart, Handlin, Mataxes and two representatives from the employees' union were present. Burkhart detailed the reasons for the requested resignations. When Handlin and Mataxes again refused to resign, their services were terminated. ¶ Thereafter, Burkhart delivered to the union representatives a report specifying various acts of wrongdoing on the part of the discharged employees. It is this report which allegedly was libelous, and upon which the instant action is based. Defendants moved for summary judgment on the ground that the statements made were qualifiedly privileged. Special Term denied summary judgment, concluding that issues of fact existed as to whether Burkhart was motivated by actual malice and whether a careful and fair investigation of the facts which ultimately led to the termination of Handlin and Mataxes had been conducted. ¶ We conclude that Special Term correctly denied the motion for summary judgment as to Handlin, but that it should have dismissed Mataxes' action. A qualified privilege exists whenever the speaker communicates information on a subject matter in which he has an interest or in reference to which he has a duty and such information is communicated to a person with a corresponding interest or duty (see *Shapiro v Health Ins. Plan,* 7 NY2d 56, 60; see, also, *Toker v Pollak,* 44 NY2d 211, 219, quoting from *Lovell Co. v Houghton,* 116 NY 520, 526). A qualified privilege does not afford a defendant an absolute immunity, but it does negate any presumption of implied malice flowing from the defamatory statement (see *Toker v Pollak, supra;* 35 NY Jur, Libel and Slander, § 93). It casts the burden upon the plaintiff to prove that the defendant acted with actual malice (see *Park Knoll Assoc. v Schmidt,* 59 NY2d 205, 211; *Dano v Royal Globe Ins. Co.,* 59 NY2d 827, 829). ¶ In the instant case, defendant Burkhart, as Handlin's and Mataxes' superior, had an interest in their job performance and, specifically, in the information which provided the basis for their terminations. The union representatives to whom the allegedly defamatory remarks were communicated had a corresponding interest in the remarks to the extent that they were charged with the responsibility of protecting the employment of the union members. Accordingly, a qualified privilege existed. ¶ A careful review of the record fails to reveal such evidence of malice as would warrant submitting the action to a jury with regard to plaintiff Mataxes. A motion for summary judgment may not be defeated by mere conclusory allegations based upon

suspicion, conjecture and surmise (see *Shapiro v Health Ins. Plan, supra,* p 63). Mataxes' affidavit and supporting documentation in opposition to the motion for summary judgment is devoid of the requisite evidentiary facts needed to establish that defendants were motivated by malice. In contrast, Handlin produced evidence indicating that charges were made against him with regard to a day he did not even appear at work, and that Burkhart was maliciously motivated to dismiss him because he believed Handlin was passing information along to the United Nations Commerical Management Service, an entity which supervised all outside services at the United Nations provided by contract, including catering. Accordingly, we cannot conclude that no factual question of malice exists as to Handlin. ¶ In concluding, we note that, although not raised by the parties, an issue exists as to whether Handlin consented to the communication of the allegedly defamatory material to his agent (see 34 NY Jur, Libel and Slander, § 71; *Wells v Belstrat Hotel Corp.,* 212 App Div 366; see, also, *Teichner v Bellan,* 7 AD2d 247). Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.