■ WILLIAM P. CAFFEE, Appellant, v GEORGE ARNOLD, JR., et al., Respondents. — In an action to recover damages for slander, plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated April 4, 1983, which denied his motion for leave to renew and reargue a motion by defendant for summary judgment dismissing the complaint which had previously been granted by order of the same court.

Order affirmed, without costs or disbursements.

A motion to renew may be based upon material facts which existed at the time of the making of the original application but which, for some reason, were not known to the party seeking renewal and were therefore not made known to the court. Leave to renew should be denied unless the moving party offers a reasonable excuse as to why the additional facts were not submitted on the original application (*Dominski v Firestone Tire & Rubber Co.*, 92 AD2d 704; *Spiro v Spiro*, 91 AD2d 1103; *Foley v Roche*, 68 AD2d 558). In this case, plaintiff was indisputably aware at the time of the original motion of the factual allegations regarding the context in which the allegedly defamatory remarks arose, which allegations he sought to offer as additional facts in support of his motion to renew. Indeed, his counsel alluded to those allegations in a memorandum of law at the time of the original motion, but they were never presented in evidentiary form. Counsel's explanation for failing to do so is that he believed that there was no necessity to assert said facts since they were only a denial of improperly asserted conclusory allegations by defendants. We do not consider such explanation to be satisfactory. Plaintiff should have laid bare *all* of his evidence on the original motion.

Moreover, even if we were to conclude that renewal should have been granted and were to review the merits, we would

nevertheless hold that summary judgment was properly granted. The basis of plaintiff's slander action is his claim that defendant Arnold allegedly stated at a union meeting that plaintiff together with another union member, "got $2,500.00 from TWU International" (hereinafter the International). Plaintiff admits having received $678.83 from the International as reimbursement for expenses incurred in activities related to the union. Defendant Arnold asserts, and is uncontradicted in this respect, that an officer of the International had told him that the plaintiff, together with another individual, had received at least $2,500 from the International.

Not having pleaded special damages, the plaintiff may not recover for slander unless the defamatory words are slanderous per se (*Matherson v Marchello*, 100 AD2d 233). An allegedly defamatory statement may constitute slander per se if it charged the defamed person with an indictable crime (*Privitera v Town of Phelps*, 79 AD2d 1). While slanderous language need not consist of the technical words of a criminal indictment (*Privitera v Town of Phelps, supra*), it is necessary that the language be reasonably susceptible to a connotation of criminality (*James v Gannett Co.*, 40 NY2d 415; *Klein v McGauley*, 29 AD2d 418). In the case at bar, where plaintiff himself admits having received certain moneys from the International for expenses, the mere statement that he, together with another, allegedly received $2,500 from the International, does not, as a matter of law, permit the inference that he stole that money, at least where no additional facts are pleaded or proved which would warrant such inference.

Further, even if such an imputation of criminality were possible, the statement was qualifiedly privileged under the common-interest doctrine (*Shapiro v Health Ins. Plan*, 7 NY2d 56) and is not actionable absent a demonstration of actual malice (*Handlin v Burkhart*, 101 AD2d 850). Once the qualified privilege under the common-interest doctrine was established by defendants, plaintiff had to allege evidentiary facts from which an inference of actual malice could reasonably be drawn in order to defeat summary judgment (*Di Lorenzo v New York News*, 81 AD2d 844; *Handlin v Burkhart, supra*). Plaintiff has failed to raise a triable issue as to actual malice. Although defendant Arnold stated that he would not vote for plaintiff in a union election, that statement, in and of itself, does not permit an inference of spite or ill will. Moreover, assuming that the allegedly slanderous statement was, in fact, false, plaintiff has presented no facts from which it could be inferred that defendant Arnold knew of, or was reckless with respect to, the falsity thereof. On the contrary,

plaintiff admits that defendant Arnold knew of his negotiations for further reimbursement of expenses. Bracken, J. P., Weinstein, Brown and Niehoff, JJ., concur.