■ ANNA LA SCALA et al., Respondents, v VIRGINIA D'ANGELO et al., Appellants, et al., Defendants. — In a libel action, defendants D'Angelo and The Eaton Corporation appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated February 9, 1984, which denied their motion pursuant to CPLR 3212 for summary judgment dismissing the complaint as to them.

Order reversed, on the law, without costs or disbursements, motion granted, and complaint dismissed, insofar as it is asserted against appellants, and the action as against them is severed.

In September, 1983, defendant D'Angelo, who was then personnel manager of the Electronics Instrumentation Division of defendant The Eaton Corporation (Eaton), received an anonymous letter slipped under her office door. The letter claimed, *inter alia,* that plaintiffs, employees of Eaton, were selling drugs on the premises of Eaton. After discussing the contents of the letter with her superiors, D'Angelo discussed the matter with each plaintiff privately. She told them about the contents of the letter and warned them that being caught selling drugs would be grounds for dismissal. She then told them that she had no reason to believe that the allegations in the letter were true, that the matter would remain private, and that no adverse action would be taken against them. In their complaint, plaintiffs allege that D'Angelo also told them to be careful and that they were being investigated. They further stated that D'Angelo's superiors refused to apologize to them and that they were refused permission to copy the letter so that they could determine its author.

Shortly thereafter, plaintiffs sued defendants for libel. Eaton and D'Angelo answered and immediately moved pursuant to CPLR 3212 for summary judgment dismissing the complaint as to them. Although plaintiffs agreed that appellants had a qualified privilege, they opposed the motion claiming that appellants

acted with malice. As proof, they related that the day before they were informed of the letter, another employee approached one of them and requested a joint. They inferred that this employee wrote the letter and was being protected by appellants, or that the employee was improperly being used as part of appellants' investigation.

Special Term (Tanenbaum, J.) decided that the facts needed to prove malice were in the exclusive control of appellants. It thus denied appellants' motion without prejudice to renew following discovery proceedings.

We reverse. It is well settled that when a speaker communicates information on a subject matter in which he has an interest or in reference to which he has a duty and such information is communicated to a person with a corresponding interest or duty, a qualified privilege exists (*Shapiro v Health Ins. Plan,* 7 NY2d 56; *Handlin v Burkhart,* 101 AD2d 850). Thus, appellants, who were in authority and responsible for the operations of a business, had a qualified privilege to discuss adverse information about employees. To overcome a qualified privilege, it is the plaintiffs' burden to show actual malice, ill will, personal spite, or culpable recklessness or negligence. However, a summary judgment motion will not be defeated by the plaintiffs by a mere showing of surmise, conjecture and suspicion (*Trails West v Wolff,* 32 NY2d 207; *Shapiro v Health Ins. Plan, supra; Kilcoin v Wolansky,* 75 AD2d 1, affd 52 NY2d 995).

In the case at bar, plaintiffs contend that all of the evidence that would prove that appellants acted with malice is in the exclusive possession of appellants. Thus, they contend, summary judgment should be denied, at least until plaintiffs have had an opportunity to conduct pretrial discovery (CPLR 3212, subd [f]; *Mack v Gregory Mem. Hosp.,* 90 AD2d 969). However, summary judgment should be granted before discovery if plaintiffs' papers do not give any reason to believe that discovery would produce evidence of malice on the part of a defendant that would warrant a jury trial (*Harris v Alcan Aluminum Corp.,* 91 AD2d 830, affd 58 NY2d 1036; *Dano v Royal Globe Ins. Co.,* 89 AD2d 817, affd 59 NY2d 827). In the instant case, plaintiffs make conclusory allegations of malice which are based on nothing more than suspicion and surmise. There is absolutely no evidentiary basis to support any of plaintiffs' suspicions or to lead one to believe that proof of malice would be developed through discovery (see *Harris v Alcan Aluminum Corp., supra,* p 831). In fact, the undisputed facts seem to indicate that appellants handled this unpleasant situation in a responsible manner. Malice can hardly be found when appellants kept the

contents of the letter private and assured plaintiffs that they would not lose their jobs.

We deny costs in view of the almost unreadable record supplied by the appellants. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.