Walter D. KIRKLAND, Commissioner
of Police of the City of
Peekskill, Plaintiff,

v.

CITY OF PEEKSKILL, George Pataki, individually, and as Class Action Representative, William F. Williams, James Madaffari, Salvatore Prezioso and Edward Creem, Defendants.

No. 84 Civ. 3510(MEL).

United States District Court,
S.D. New York.

May 20, 1986.

Jose A. Rivera, Brooklyn, N.Y., for plaintiff.

Lovett & Gould, White Plains, N.Y., for the Mun. Corporate defendants; Jonathan Lovett, of counsel.

Killarney, Fabiani & Brody, New York City, for defendant Sal J. Prezioso; John Fabiani, of counsel.

LASKER, District Judge.

Defendant Sal J. Prezioso moves for an order pursuant to Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff Walter D. Kirkland's claims. Kirkland has moved for leave to amend his complaint with respect to the defamation claims asserted against defendant Prezioso and defendant Edward Creem. Responding to Kirkland's request for leave to amend, defendants Prezioso and Creem have moved for a dismissal of plaintiff's defamation claims. For the reasons discussed below, plaintiff's motion for leave to amend is denied and defendants' motion to dismiss the defamation charges is granted.

## DENIAL OF LEAVE TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires," and the Supreme Court has declared that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

However, amendments "are not to be allowed where ... a party seeks to assert a claim that lacks merit." *Friedman v. Chesapeake and Ohio Railway Company,* 261 F.Supp. 728, 734 (S.D.N.Y.1966), *aff'd,* 395 F.2d 663 (2d Cir.1968), *cert. denied,* 393 U.S. 1016, 89 S.Ct. 619, 21 L.Ed.2d 561 (1969).

To avoid a useless act, then, a proposed amendment must be measured in terms of its ability to withstand a motion to dismiss and therefore, the legal sufficiency of the presently proposed amendment must be examined in that light. *Hodnik v. Baltimore & Ohio Railroad,* 54 F.R.D. 184 (W.D.Pa.1972). *Vulcan Society of Westchester County v. Fire Department of White Plains,* 82 F.R.D. 379, 387 (S.D.N.Y.1979).

In this case plaintiff's amended complaint would be insufficient as a matter of law. A brief examination of plaintiff's proposed amendments reveals their futility.

█ One of the allegations plaintiff seeks to include is that "On or about April 25, 1984, defendant Creem referred to plaintiff as a 'fat ass'." Plaintiff's proposed Amended Complaint, Paragraph 20(a). Although such a remark, if made, would be offensive, in law it is no more than an opinion, and, as such, is not actionable. "An assertion that cannot be proved false cannot be held libellous. A writer cannot be sued for simply expressing his opinion of another person, however unreasonable the opinion or vituperous the expressing of it may be. *See Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 339–40 [94 S.Ct. 2997, 3006–07, 41 L.Ed.2d 789 (1974)]." *Hotchner v. Castillo-Puche,* 551 F.2d 910, 913 (2d Cir.), *cert. denied,* 434 U.S. 834, 98 S.Ct. 120, 54 L.Ed.2d 95 (1977).

█ The proposed allegation would also be insufficient because there is no claim it was ever published. There can be no libel without publication. Mere receipt of an allegedly libelous statement by the one claiming to be defamed does not constitute publication. "Derogatory words must be communicated to a third person to support a claim for libel or slander." *Moye v. Gary,* 595 F.Supp. 738, 740 (S.D.N.Y.1984); *see also Church of Scientology of California, Inc. v. Green,* 354 F.Supp. 800, 803 (S.D.N.Y.1973).

█ The second allegation which plaintiff seeks to include in his amended complaint is that defendant Prezioso "maliciously and intentionally slandered and libelled plaintiff" by writing in the Management and Administrative Study, Part I, of the City of Peekskill "which was dissemi-

nated to the Mayor and members of the Common Council in May, 1984" that plaintiff, though "a good cop," was "unfit for the job" for the reasons set out in the report.* However, the statements made in the report are protected by a qualified privilege because Prezioso made those statements in the course of his duty to report his findings on the City of Peekskill to the Mayor and City Council, who had hired Prezioso for the purpose of making just such a report:

> It is well settled that when a speaker communicates information on a subject matter in which he has an interest or in reference to which he has a duty and such information is communicated to a person with a corresponding interest or duty, a qualified privilege exists (*Shapiro v. Health Ins. Plan of Greater N.Y.*, 7 N.Y.2d 56, 194 N.Y.S.2d 509, 163 N.E.2d 333; *Handlin v. Burkhart*, 101 A.D.2d 850, 476 N.Y.S.2d 164).... To overcome a qualified privilege, it is the plaintiff's burden to show active malice, ill will, personal spite, or culpable recklessness or negligence.

*LaScala v. D'Angelo*, 104 A.D.2d 930, 931, 480 N.Y.S.2d 546, 547 (2d Dept. 1984). Although a defendant's malice or ill will may be questions for the jury, these are questions for the jury "only where there is evidence in the case warranting their submission to the jury." *Shapiro v. Health Insurance Plan of Greater New York*, 7 N.Y.2d 56, 61, 194 N.Y.S.2d 509, 513, 163 N.E.2d 333, 336 (1959).

Leave to amend must also be denied because the proposed amendments are barred by the Statute of Limitations. Rule 15(c) of the Federal Rules of Civil Procedure permits pleadings to be amended which would otherwise be barred by the Statute of Limitations, provided that the original pleading gave fair notice of the general factual situation out of which the claim sought to be put forth in the amended pleading arises. "The threshold requirement for relation back under Rule 15(c) is that the claim(s) sought to be asserted in the amended pleading must arise out of the same essential transaction set forth in the original pleading." *Unicure, Inc. v. Thurman*, 97 F.R.D. 1, 4 (W.D.N.Y.1982).

■ Plaintiff's original complaint seeks to base the claim of defamation against Prezioso on a conversation between Prezioso and The Health and Hospitals Corporation, a prospective employer of the plaintiff. Such a claim is totally unrelated to the claim which plaintiff seeks to assert in his amended complaint that Prezioso libelled plaintiff as a result of the report to the Mayor and City Council. Since there is

---

* The proposed amended complaint states:

1. "Defendant Prezioso wrote the following in the Management and Administrative Study, Part I, of the City of Peekskill which was dessiminated [sic] to the Mayor and members of the Common Council in May 1984:
City Manager William Williams, 4/2/84, stated that Police Commissioner Kirkland is on a mission which is contrary to good government and believes that he should be separated from the Peekskill City Service;"
2. "It has been reported that the City Manager, William Williams, was prevented from firing Mr. Kirkland by the Mayor and Common Council who did not wish the manager to take unilateral action, despite the fact that the City Manager claimed that the Police Commissioner lacks cooperation, is inefficient, and has a disruptive attitude;"
3. "The Acting City Manager, James Madaffari, as of 4/3/84, stated that most policemen have left and will be leaving, not because of money, but because of Mr. Kirkland and his attitude;"

4. "The Police Commissioner's relations with the personnel Officer reportedly are bad, in [that] the Police Commissioner views himself as an autonomous body and is very rigid;"
5. "There is no question, as we examined the records, that Commissioner Kirkland has done a good job. Our interviews with him and others indicate that he is most knowledgeable and experienced. However, being a good policeman has not made him a good Commissioner. His temperament makes him unfit for the job and, in our judgment, he has outworn his usefulness;"
6. "We find the Police Department in a state of organized confusion and the morale of the department is at its lowest ebb. He has become a divisive force in the community and he has the poorest of public relations with school officials, county and state officials. He has been most effective in utilizing intimidation."

no relation between the factual basis alleged in the proposed amendment and that alleged in plaintiff's original complaint, amendment should not be granted.

Thus, leave to amend would be improper both because amendment would be futile and because the claims which plaintiff seeks to include in his proposed amended complaint do not relate back to the transactions or events which gave rise to the original complaint.

### DEFENDANTS' MOTION TO DISMISS

Plaintiff's defamation complaint, as it stands, consists of the allegation: "Defendant, Prezioso, with the knowledge of the other defendants, purposefully and maliciously contacted the Health and Hospital Corp., a prospective employer of the plaintiff, and told them statements which he knew were not true." Complaint, ¶ 19(c). This allegation is insufficient for several reasons.

First, the allegation fails to specifically allege the words said to be actionable, and "under general principles it is generally held that a defamation plaintiff does not satisfy the requirements of notice pleading unless he specifically alleges the words said to be actionable. *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 699 (8th Cir. 1979)." *Herbert v. Lando*, 603 F.Supp. 983, 990 (S.D.N.Y.1985).

Secondly, words are not actionable just because they are false; they must also be defamatory. *See Tracy v. Newsday, Inc.*, 5 N.Y.2d 134, 138, 182 N.Y.S.2d 1, 5, 155 N.E.2d 853, 855–56 (1959).

Whether words are defamatory presents a legal question to be resolved by the court in the first instance (*Tracy v. Newsday, Inc.; Sprecher v. Dow Jones & Co.*, 88 A.D.2d 550, 450 N.Y.S.2d 330, *aff'd*, 58 N.Y.2d 862, 460 N.Y.S.2d 527, 447 N.E.2d 75). The words must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader, and if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction.

*Aronson v. Wiersma*, 65 N.Y.2d 592, 593–94, 493 N.Y.S.2d 1006, 1007, 483 N.E.2d 1138, 1139 (1985).

By the above standard, the allegation that Prezioso contacted a "prospective employer of plaintiff and told them statements which he knew were not true" clearly is not susceptible of a defamatory meaning on its face. Where a statement does not, on its face, defame plaintiff in his trade or business or in some other fashion constitute slander per se, it is not actionable without proof of special damages. 65 N.Y.2d at 595, 493 N.Y.S.2d at 1008, 483 N.E.2d at 1140; *see also* Prosser and Keeton, Torts § 112, at 791 (5th Ed.). Since plaintiff has alleged neither slander per se nor special damages, the complaint must be dismissed.

Plaintiff's motion to amend his complaint is denied without prejudice. Defendants' motion to dismiss the defamation claim is granted. However, if the plaintiff moves to amend the complaint hereafter to allege any further claims of defamation, he will be held to the strict requirements of Rule 11 of the Federal Rules of Civil Procedure and sanctions will be imposed if any proposed amended claims are frivolous.

It is so ordered.