■ ERIC SCHUSS, Appellant, v WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, Respondent.—In an action, *inter alia,* to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated October 29, 1990, which granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

The plaintiff was denied increased life insurance coverage from the defendant because the urine sample submitted by the plaintiff tested positive for cocaine. After receipt of the plaintiff's laboratory test, the defendant insurance company sent a coded report to the Medical Information Bureau (hereinafter MIB), an information clearinghouse, indicating that the plaintiff's urine sample had tested positive for a controlled substance. The plaintiff subsequently applied for life insurance from another company and was again denied coverage based solely on information received from the defendant and from MIB regarding the urine sample. Denying that he ever took cocaine, the plaintiff attempted to have the defendant expunge from its records the results of the urine analysis. When his attempts proved unsuccessful, the plaintiff commenced this defamation action against the defendant insurance company, seeking monetary damages and an injunction against further dissemination of the test results, and to cancel the MIB code. Thereafter, upon the parties' various motions, the defendant was granted summary judgment dismissing the complaint. We affirm.

The communications between the defendant and the second insurance company and between the defendant and MIB were, as conceded by the plaintiff, protected by a qualified privilege. In order to overcome this privilege, the plaintiff had to demonstrate that the defendant acted with malice *(see, Shapiro v Health Ins. Plan,* 7 NY2d 56). Since the plaintiff failed to present any evidence which raised an inference that the defendant acted with malice, the court properly granted the defendant summary judgment dismissing the complaint *(see, La Scala v D'Angelo,* 104 AD2d 930). Lawrence, J. P., Miller, O'Brien and Pizzuto, JJ., concur.