■ SHEREEN BOBROWSKY, Appellant, v LEXUS et al., Respondents, et al., Defendants. [626 NYS2d 533] —In an action to recover damages for personal injuries, the plaintiff appeals, from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered January 24, 1994, as denied that branch of her cross motion which was for leave to serve an amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion which was for leave to serve an amended complaint is granted.

The Supreme Court should have granted that branch of the plaintiff's cross motion which was for leave to serve an amended complaint to assert a new theory of recovery. In reaching its determination, the Supreme Court concluded that the plaintiff had waived her right to seek leave to amend her complaint and, moreover, that the plaintiff had failed to establish the merit of her new theory of recovery. We disagree. Leave to serve an amended pleading should be freely granted, particularly where, as here, the opposition papers of the defendants Lexus and Toyota Motor Corporation (hereinafter the defendants) failed to allege that they would suffer any prejudice as a result of the prospective amendment *(see,* CPLR 3025 [b]; *Barraza v Sambade,* 212 AD2d 655; *Zacher v Oakdale Islandia Ltd. Partnership,* 211 AD2d 712). The defendants' belated claims of prejudice, asserted for the first time on appeal, are not properly before this Court *(see, Barraza v Sambade, supra).* In any event, the defendants' claims of prejudice are unpersuasive since the additional theory of recovery is based upon the same facts alleged in the original complaint, discovery was ongoing, and the defendants had already been apprised of the new theory of recovery and had begun their investigation thereof before the plaintiff sought to amend her complaint. In addition, the proposed theory of recovery is neither "patently lacking in merit" *(Kaplansky v Kaplansky,* 212 AD2d 667), nor "palpably insufficient as matter of law" *(Del Bourgo v 138 Sidelines Corp.,* 208 AD2d 795). Miller, J. P., Ritter, Pizzuto and Santucci, JJ., concur.