■ PIRROTTI & PIRROTTI, LLP, Plaintiff, v ESTATE OF MILDRED WARM et al., Defendants. (Action No. 1.) GERALDINE WARM et

al., Respondents, v PIRROTTI & PIRROTTI, LLP, et al., Appellants. (Action No. 2.) [778 NYS2d 705]—

In two related actions, inter alia, to recover an attorney's fee and to recover damages for breach of fiduciary duty, which were joined for trial, the defendants in action No. 2 appeal from an order of the Supreme Court, Putnam County (Hickman, J.), dated August 20, 2003, which granted the motion of the plaintiffs in that action for leave to amend the complaint to add a claim for punitive damages.

Ordered that the order is affirmed, with costs.

Leave to amend a complaint is to be freely granted absent prejudice or surprise to the defendants, or unless the proposed amendment is patently devoid of merit (*see* CPLR 3025 [b]; *Ortega v Bisogno & Meyerson*, 2 AD3d 607, 609 [2003]; *Scavo v Allstate Ins. Co.*, 238 AD2d 571, 572 [1997]). Here, the appellants did not argue that they were prejudiced or surprised by the proposed amendment, and did not demonstrate that the proposed amendment was patently devoid of merit (*see Giblin v Murphy*, 73 NY2d 769 [1988]; *Garrity v Lyle Stuart, Inc.*, 40 NY2d 354 [1976]; *Nooger v Jay-Dee Fast Delivery*, 251 AD2d 307 [1998]; *Suffolk Sports Ctr. v Belli Constr. Corp.*, 212 AD2d 241 [1995]). Contrary to the appellants' contention, a claim for punitive damages does not require a showing in every case that the conduct complained of was directed at the public generally (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308 [1995]; *Giblin v Murphy, supra* at 772; *Walker v Sheldon*, 10 NY2d 401 [1961]; *Suffolk Sports Ctr. v Belli Constr. Corp., supra* at 247; *cf. D'Antoni v Ansell*, 184 AD2d 678, 680 [1992]). Thus, leave to amend was properly granted. Ritter, J.P., Altman, Mastro and Skelos, JJ., concur.