■ BEVERAGE MARKETING USA, INC., Plaintiff, and HORNELL BREWING CO., INC., Appellant, v SOUTH BEACH BEVERAGE COMPANY, INC., et al., Respondents. [799 NYS2d 242]—

In an action, inter alia, to recover damages for misappropriation of trade secrets, the plaintiff Hornell Brewing Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered April 7, 2004, as denied that branch of the plaintiffs' motion which was for leave to amend the complaint to assert a new cause of action to recover damages for unfair competition.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for leave to amend the complaint to assert a new cause of action to recover damages for unfair competition is granted.

After the Supreme Court, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the cause of action to recover damages for unfair competition, the plaintiffs moved, among other things, for leave to amend the complaint to assert a new cause of action to recover damages for unfair competition under a new theory. The Supreme Court denied that branch of the plaintiffs' motion, finding that the proposed amendment was without merit because the plaintiffs were collaterally estopped by a prior federal action from establishing the likelihood of confusion element of an unfair competition claim. We disagree with the Supreme Court's conclusion that likelihood of confusion is an essential element of the proposed amended unfair competition claim, and thus reverse.

A party asserting a claim for unfair competition predicated upon trademark infringement or dilution in violation of General Business Law §§ 360-k and 360-l must show that the defendant's use of the trademark is likely to cause confusion or mistake about the source of the allegedly infringing product (*see Allied*

*Maintenance Corp. v Allied Mech. Trades,* 42 NY2d 538 [1977]). Here, however, the plaintiffs' proposed amended unfair competition claim is not grounded on trademark-related theories. Rather, the plaintiffs' proposed amended claim is based upon the alleged bad faith misappropriation of a commercial advantage belonging to another "by exploitation of proprietary information or trade secrets" (*Eagle Comtronics v Pico Prods.,* 256 AD2d 1202, 1203 [1998]). Under this theory, the allegations that the defendants exploited proprietary information and trade secrets acquired by the defendant John Bello during his employment as a vice president of the plaintiff Hornell Brewing Co., Inc., are sufficient to state a cause of action for unfair competition (*see Bender Ins. Agency v Treiber Ins. Agency,* 283 AD2d 448 [2001]; *CBS Corp. v Dumsday,* 268 AD2d 350 [2000]; *Laro Maintenance Corp. v Culkin,* 267 AD2d 431 [1999]; *Montrallo v Fritz,* 176 AD2d 1215 [1991]). Accordingly, the proposed amended unfair competition claim is not patently without merit. Moreover, since the proposed amendment merely seeks to add a new theory of recovery, without alleging new or different transactions, the defendants would not be surprised or prejudiced by the amendment (*see* CPLR 3025 [b]; *Pirrotti & Pirrotti, LLP v Estate of Warm,* 8 AD3d 545 [2004]; *Sample v Levada,* 8 AD3d 465 [2004]; *Bobrowsky v Lexus,* 215 AD2d 424 [1995]). Under these circumstances, that branch of the plaintiffs' motion which was for leave to amend the complaint to assert a new cause of action to recover damages for unfair competition should have been granted (*see Sample v Levada, supra; Bobrowsky v Lexus, supra*).

The alternative basis for affirmance urged by the defendants based upon the statute of limitations or the doctrine of laches is without merit (*see* CPLR 205 [a]; *Jordan v Bates Adv. Holdings,* 292 AD2d 205 [2002]; *English v Ski Windham Operating Corp.,* 263 AD2d 443 [1999]; *Bank of N.Y. v Midland Ave. Dev. Co.,* 248 AD2d 342 [1998]).

To the extent that the appellant's brief purports to raise arguments on behalf of the defendant Beverage Marketing, USA, Inc., it has not been considered as no notice of appeal was filed by that defendant (*see Maldonaldo v City of New York,* 7 AD3d 582 [2004]). Florio, J.P., Krausman, Luciano and Spolzino, JJ., concur. [*See* 2 Misc 3d 1009(A), 2004 NY Slip Op 50235(U) (2004).]