■ Sylvester Saunds, Appellant, v Estate of Ernest Johnson et al., Respondents. [814 NYS2d 874]—In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Roberto, J.), dated September 1, 2004, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for leave to amend the complaint, and (2) so much of an order of the same court dated March 17, 2005 as, upon reargument, adhered to its prior determination and denied that branch of his motion which was for leave to renew.

Ordered that the appeal from the order dated September 1, 2004 is dismissed, as that order was superseded by the order dated March 17, 2005 made upon reargument; and it is further,

Ordered that the order dated March 17, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant My Three Sons Realty, Inc.

For a contract to satisfy the statute of frauds, a writing must identify the parties, describe the subject matter, state all the essential terms of the agreement, and be signed by the party to be charged (*see* General Obligations Law § 5-703 [2]; *Urgo v Patel,* 297 AD2d 376 [2002]). Here, the plaintiff failed to produce such a writing.

Additionally, the Supreme Court properly denied the plaintiff's cross motion for leave to amend his complaint to include an adverse possession claim because it was devoid of merit (*see* CPLR 3025 [b]; *Pirrotti & Pirrotti, LLP v Estate of Warm,* 8 AD3d 545, 546 [2004]).

The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew because he failed to offer a reasonable excuse as to why the additional facts were not submitted in the original motion (*see Caffee v Arnold,* 104 AD2d 352 [1984]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Mastro, Lunn and Covello, JJ., concur.