■ ENID WRIGHT, Appellant-Respondent, v MOUNT VERNON HOSPITAL, Respondent-Appellant, et al., Defendant. [931 NYS2d 237]—

As a sanction against a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed," a court may issue an order, inter alia, "prohibiting the disobedient party . . . from producing in evidence designated things or items of testimony," or "striking out pleadings" (CPLR 3126 [2], [3]). Here, the plaintiff's willful and contumacious conduct can be inferred from the plaintiff's repeated failure to comply with orders directing that her deposition be commenced or completed by a date certain, the plaintiff's adjournments of her deposition, and the inadequate excuses offered to explain her noncompliance (see Commisso v Orshan, 85 AD3d 845 [2011]; Rawlings v Gillert, 78 AD3d 806, 807 [2010]; Caccioppoli v Long Is. Jewish Med. Ctr., 271 AD2d 565, 566 [2000]). Although the plaintiff's conduct was willful and contumacious, contrary to the contention of the defendant Mount Vernon Hospital, under the circumstances of this case, the sanction of striking the complaint would have been too harsh. Accordingly, the Supreme Court providently exercised its discretion in granting its motion pursuant to CPLR 3126 to the extent of precluding the plaintiff from testifying at trial.

The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew. The additional facts submitted upon renewal were personally known to the plaintiff when the original motion was made, and she did not proffer a reasonable excuse for her failure to present those facts at that time (see Saunds v Estate of Johnson, 29 AD3d 670, 671 [2006]; Caramoor Capital Group v Blauner, 302 AD2d 550 [2003]; Caffee v Arnold, 104 AD2d 352 [1984]).

The plaintiff's remaining contention is without merit. Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.