The plaintiff commenced this action alleging, inter alia, that the defendants had made certain slanderous statements. “Slander as a rule is not actionable unless the plaintiff suffers special damage. Special damages contemplate the loss of something having economic or pecuniary value” (Liberman v Gelstein, 80 NY2d 429, 434-435 [1992] [internal quotation marks and citations omitted]). “The four established exceptions [to the requirement of special damages] (collectively ‘slander per se’) consist of statements (i) charging plaintiff with a serious crime; (ii) that tend to injure another in his or her trade, business or profession; (iii) that plaintiff has a loathsome disease; or (iv) imputing unchastity to a woman” (id. at 435). Here, the plaintiff failed to plead that he suffered special damages with the requisite particularity (see Matherson v Marchello, 100 AD2d 233, 236 [1984]). Moreover, contrary to the plaintiffs *865 contention, the second amended complaint failed to allege that the defendants charged him with committing a serious crime (see Caffee v Arnold, 104 AD2d 352, 353 [1984]; Privitera v Town of Phelps, 79 AD2d 1, 4 [1981]; Klein v McGauley, 29 AD2d 418, 421 [1968]). Accordingly, the Supreme Court properly granted the defendants’ motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.
In light of our determination, we need not reach the plaintiff s remaining contention. Eng, P.J., Leventhal, Hall and Lott, JJ., concur.