■ Deutsche Bank National Trust Company, in its Capacity as Indenture Trustee for the Noteholders of Aames Mortgage

INVESTMENT TRUST 2005-2, a Delaware Statutory Trust, Respondent, v GERARD J. QUINN, Also Known as GERARD QUINN, et al., Appellants, et al., Defendants. [990 NYS2d 885]—

In an action to foreclose a mortgage, the defendants Gerard J. Quinn and Eugenia M. Quinn appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered April 17, 2013, as denied that branch of their motion which was, inter alia, to dismiss the complaint insofar as asserted against them based upon the plaintiff's alleged failure to comply with the notice requirements of RPAPL 1304.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2011]; *see* RPAPL 1304 [1], [2]). RPAPL 1304 provides, in relevant part, that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower in at least fourteen-point type" (RPAPL 1304 [1]; *see Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 910 [2013]). "RPAPL 1304 sets forth the requirements for the content of such notice (*see* RPAPL 1304 [1]), and further provides that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (*see* RPAPL 1304 [2])" (*Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d at 910).

The defendants Gerard J. Quinn and Eugenia M. Quinn (hereinafter together the Quinn defendants) were properly served with the notice required by RPAPL 1304 (1) and (2) more than 90 days prior to the commencement of this action. Contrary to the Quinn defendants' contentions, the notice that was served upon them prior to the commencement of this foreclosure action was valid, as the notice and the 90-day period required by RPAPL 1304 (1) "need only be provided once in a twelve month period to the same borrower in connection with the same loan" (RPAPL 1304 [4]). Accordingly, the Supreme Court properly denied that branch of the Quinn defendants' motion which was to dismiss the complaint insofar as asserted against them based on the plaintiff's alleged failure to comply with the notice requirements of RPAPL 1304. Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.