U.S. Bank Trust, N.A. v Carter (2018 NY Slip Op 05618)





U.S. Bank Trust, N.A. v Carter


2018 NY Slip Op 05618


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-02565
2016-08766
 (Index No. 58033/13)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Brian Carter, etc., appellant, et al., defendants.


Marcia E. Kusnetz, P.C., Rye Brook, NY, for appellant.
Day Pitney LLP, New York, NY (Rachel G. Packer and Alfred W. J. Marks of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Brian Carter appeals from two orders of the Supreme Court, Westchester County (Mary H. Smith, J.), dated March 2, 2016, and August 5, 2016, respectively. The order dated March 2, 2016, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss the affirmative defenses of the defendant Brian Carter. The order dated August 5, 2016, insofar as appealed from, denied those branches of the motion of that defendant which were for leave to amend his answer to add the affirmative defense of lack of standing and, upon amendment, to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a) and/or CPLR 3212 on the grounds of lack of standing and failure to comply with RPAPL 1304.
ORDERED that the order dated March 2, 2016, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated August 5, 2016, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendant Brian Carter which was for leave to amend his answer to add the affirmative defense of lack of standing, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated August 5, 2016, is affirmed insofar as appealed from, without costs or disbursements.
In 2013, the plaintiff commenced this action against, among others, the defendant Brian Carter (hereinafter the defendant) to foreclose a mortgage executed by the defendant on certain real property. In his pro se answer, the defendant generally denied knowledge of the allegations in the complaint and asserted various affirmative defenses, including that the plaintiff had lost "documents related to relief" and "[m]is-recorded [the] original mortgage." In January 2016, after settlement conferences pursuant to CPLR 3408 failed to result in a loan modification, the plaintiff moved, inter alia, pursuant to CPLR 3211(b) to dismiss the defendant's affirmative defenses. The defendant opposed the motion, inter alia, on the ground that the plaintiff lacked standing. By order dated March 2, 2016, the Supreme Court granted the motion.
Three weeks later, the defendant moved, inter alia, pursuant to CPLR 3025 for leave to amend his answer to add the affirmative defense of lack of standing and failure to comply with RPAPL 1304 and, upon amendment, to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a) and/or CPLR 3212 on those grounds. The plaintiff opposed the motion and, by order dated August 5, 2016, the Supreme Court, in relevant part, denied those branches of the defendant's motion which were to amend his answer to add the affirmative defense of lack of standing and, upon amendment, to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a) and/or CPLR 3212 on the grounds of lack of standing and failure to comply with RPAPL 1304. The defendant appeals from the two orders.
We agree with the Supreme Court's determination in the order dated March 2, 2016, granting that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss the defendant's affirmative defenses (see CPLR 3013, 3018[a]).
However, we disagree with the Supreme Court's determination in the order dated August 5, 2016, denying that branch of the defendant's motion which was for leave to amend his answer to add the affirmative defense of lack of standing.
"[A]n argument that a plaintiff lacks standing, if not asserted in the defendant's answer or in a pre-answer motion to dismiss the complaint, is waived pursuant to CPLR 3211(e)" (Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242; see HSBC Bank USA v Philistin, 99 AD3d 667). "Defenses waived under CPLR 3211(e) can nevertheless be interposed in an answer amended by leave of court pursuant to CPLR 3025(b), as long as the amendment does not cause the other party prejudice or surprise resulting from the delay, and is not palpably insufficient or patently devoid of merit" (HSBC Bank USA, NA v Halls, 136 AD3d 752, 753; see CPLR 3025[b]; DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024; Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d 760; U.S. Bank, N.A. v Sharif, 89 AD3d 723). "The decision of whether to allow an amendment is committed almost entirely to the [motion] court's discretion'" (HSBC Bank v Picarelli, 110 AD3d 1031, 1032, quoting Murray v City of New York, 43 NY2d 400, 405).
Here, in opposition to that branch of the defendant's motion which was for leave to amend his answer to add the affirmative defense of lack of standing, the plaintiff failed to demonstrate the existence of any prejudice or surprise that would result from the amendment, or that the proposed affirmative defense was palpably insufficient or patently devoid of merit (see Deutsche Bank Trust Co. Ams. v. Cox, 110 AD3d 760; U.S. Bank, N.A. v Sharif, 89 AD3d at 724-725; Pirrotti & Pirrotti, LLP v Estate of Warm, 8 AD3d 545).
However, we agree with the Supreme Court's determination denying that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a) and/or CPLR 3212 for lack of standing. On such a motion, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60; see HSBC Bank USA, N.A. v Ehrenthal, 158 AD3d 668, 670; OneWest Bank, FSB v Berino, 158 AD3d 811; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650). Here, the defendant failed to make the requisite showing pursuant to either CPLR 3211(a) or CPLR 3212 to warrant dismissal based on a lack of standing (see HSBC Bank USA, N.A. v Ehrenthal, 158 AD3d at 670; US Bank N.A. v Cohen, 156 AD3d 844, 846-847; DLJ Mtge. Capital, Inc. v Pittman, 150 AD3d 818, 820: Aurora Loan Servs., LLC v Mercius, 138 AD3d 650; Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 59-60).
We also agree with the Supreme Court's denial of that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a) and/or CPLR 3212 based upon the plaintiff's failure to comply with RPAPL 1304 (see RPAPL 1304[1], [2]; Federal Natl. Mtge. Assn. v Cappelli, 120 AD3d 621; Deutsche Bank Natl. Trust Co. v Quinn, 120 AD3d 609).
The defendant's remaining contention is raised for the first time on appeal and is not [*2]properly before this Court (see Ferdico v Pabone, 125 AD3d 718; see also Spatz v Bajramoski, 214 AD2d 436; cf. Wadsworth Condos, LLC v Dollinger Gonski & Grossman, 114 AD3d 487).
MASTRO, J.P., BALKIN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court