DeSimone v Northport-East Northport Union Free Sch. Dist. (2025 NY Slip Op 04762)

DeSimone v Northport-East Northport Union Free Sch. Dist.

2025 NY Slip Op 04762

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-00009
 (Index No. 619797/20)

[*1]Danielle DeSimone, appellant, 
v
Northport-East Northport Union Free School District, respondent.

Brazzano Law PLLC, New York, NY (Rebecca Brazzano of counsel), for appellant.
Kelley Jasons McGowan Spinelli Hanna & Reber LLP, New York, NY (Chistopher Hannan of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated December 14, 2023. The order, insofar as appealed from, granted those branches of the defendant's motion which were to strike the deposition testimony of a nonparty witness and for a protective order precluding the continued deposition of that witness without prior court approval, denied the plaintiff's motion to impose sanctions against the defendant and its counsel, and denied that branch of the plaintiff's separate motion which was to seal certain court submissions.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2020, the plaintiff commenced this action to recover damages for personal injuries allegedly caused by her exposure to hazardous materials while she was a student at a school within the defendant school district. Due to numerous similar actions brought by other plaintiffs against the same defendant, the Supreme Court consolidated all of the actions for joint discovery purposes (hereinafter the consolidated discovery order). In March 2023, the plaintiff served a subpoena on a nonparty witness, a former teacher at the school, for a deposition and document production. The defendant objected to the subpoena, arguing that it violated the consolidated discovery order. By proposed order to show cause, the plaintiff sought, inter alia, to clarify and amend the consolidated discovery order to allow for the nonparty deposition. The court declined to sign the plaintiff's proposed order to show cause and instead ordered a global discovery conference with all of the parties in the consolidated action. Before the scheduled global discovery conference, the plaintiff served another subpoena on the nonparty witness for a deposition and document production. The deposition was conducted but not completed.
Subsequently, the defendant moved, among other things, to strike the deposition testimony of the nonparty witness and for a protective order precluding the continued deposition of that witness without prior court approval. The plaintiff moved to impose sanctions against the defendant and its counsel, arguing that they violated 22 NYCRR 130-1.1 by including certain false and defamatory information about the plaintiff and exposing her confidential personal information in the defendant's submissions to the court. Separately, the plaintiff moved, inter alia, to seal certain court submissions. In an order dated December 14, 2023, the Supreme Court, among other things, [*2]granted those branches of the defendant's motion, denied the plaintiff's motion to impose sanctions, and denied that branch of the plaintiff's separate motion which was to seal certain court submissions. The plaintiff appeals.
The Supreme Court providently exercised its discretion in denying the plaintiff's motion to impose sanctions against the defendant and its counsel. "Pursuant to 22 NYCRR 130-1.1, a court, in its discretion, may impose sanctions against a party for frivolous conduct" (Finley v Finley, 233 AD3d 654, 655). Conduct is considered frivolous if it is "completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law; . . . undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or . . . asserts material factual statements that are false" (id. [internal quotation marks omitted]). Here, the defendant's conduct was not frivolous within the meaning of 22 NYCRR 130-1.1 and, in any event, did not rise to a level that warranted sanctions (see U.S. Bank N.A. v Jack, 219 AD3d 1369, 1372; Mortgage Elec. Registration Sys., Inc. v McVicar, 203 AD3d 917, 918).
The Supreme Court also properly granted those branches of the defendant's motion which were to strike the deposition testimony of the nonparty witness and for a protective order precluding the continued deposition of that witness without prior court approval. "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court" (Espinoza v Tejeda, 228 AD3d 623, 625 [internal quotation marks omitted]). "Pursuant to CPLR 3126, a court may issue an order 'prohibiting [a] disobedient party . . . from producing in evidence . . . items of testimony' . . . as a sanction against a party who 'refuses to obey an order for disclosure'" (Castillo v Charles, 210 AD3d 625, 626, quoting CPLR 3126[2]). Moreover, the court may issue an order striking deposition testimony pursuant to CPLR 3103 where such testimony has been "improperly obtained" (Dojce v 1302 Realty Co., LLC, 199 AD3d 647, 650). Here, by declining to sign the plaintiff's proposed order to show cause to clarify and amend the consolidated discovery order, the court, in effect, refused to allow the nonparty witness deposition to take place before the scheduled global discovery conference (see Cypress Hills Mgt., Inc. v Lempenski, 173 AD3d 830, 830). The plaintiff, however, elected to proceed with the deposition in violation of the consolidated discovery order, over the defendant's objection, and after the plaintiff was notified about the assigned defense counsel's unavailability to attend. Under these circumstances, the court fashioned an appropriate remedy under CPLR 3103 and 3126 (see Dojce v 1302 Realty Co., LLC, 199 AD3d at 650; Wright v Mount Vernon Hosp., 88 AD3d 873, 874).
We further conclude that the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's separate motion which was to seal certain court submissions (see Bittner v Cummings, 188 AD2d 504, 506).
The plaintiff's remaining contentions are without merit.
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court