■ MAYO, LYNCH AND ASSOCIATES, INC., Appellant, v JEROME L. FINE et al., Respondents.—In an action to recover damages for breach of fiduciary duty and tortious interference with contractual relations, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Green, J.), entered August 27, 1987, as granted the separate motions of the defendants Jerome L. Fine, Brendan M. Burke and Joseph C. Pini, Jr., and the defendant Village of Goshen for summary judgment to the extent of dismissing the first and third causes of action of the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

It is well settled that one who seeks damages based on a cause of action sounding in interference with performance of a contract must establish the existence of a valid and enforceable contract *(Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183; *Taub v Amana Imports,* 140 AD2d 687). In the case at bar, the record clearly indicates that no valid and enforceable contract existed between the plaintiff and the defendant Village of Goshen. At best, the plaintiff alleged that the individual defendants interfered with its reasonable expectation that it would obtain a contract from the Village of Goshen for the design of a filtration system. In discussing the tort of interference with prospective contractual relationships, the Court of Appeals has stated: "Although his status as a competitor does not protect the interferer from the consequences of his interference with an existing contract, it may excuse him from the consequences of interference with prospective contractual relationships, where the interference is intended at least in part to advance the competing interest of the interferer, no unlawful restraint of trade is effected, and the means employed are not wrongful" *(Guard-Life Corp. v Parker Hardware Mfg. Corp., supra,* at 190-191; *see also,* 32

NY Jur, Interference, § 40, at 196; *Slifer-Weickel, Inc. v Meteor Skelly,* 140 AD2d 320, 322).

It is true that a breach of a fiduciary duty may constitute the element of wrongful means which is necessary to establish the tort of interference with prospective contractual relations *(Guard-Life Corp. v Parker Hardware Mfg. Corp., supra,* at 194; *A. S. Rampell, Inc. v Hyster Co.,* 3 NY2d 369). The plaintiff contends that there exist triable issues of fact on this record as to whether the individual defendants, its former employees, breached their fiduciary duty to it in competing for the subject contract. This contention is without merit. "It is fundamental that absent a restrictive covenant not to compete, an employee is free to compete with his or her former employer unless trade secrets are involved or fraudulent methods are employed" *(Walter Karl, Inc. v Wood,* 137 AD2d 22, 27). The plaintiff has not demonstrated that the individual defendants used fraudulent methods, trade secrets or confidential information. Neither did a breach of fiduciary duty occur by virtue of the individual defendants' formation of the firm of Hudson Engineering Associates, while they were still in the plaintiff's employ *(see, Walter Karl, Inc. v Wood, supra,* at 28; *Metal & Salvage Assn. v Siegel,* 121 AD2d 200, 201). In the absence of even an allegation that the individual defendants were motivated by malicious considerations, rather than bona fide considerations of competition, the complaint was properly dismissed *(Williamson, Picket, Gross v 400 Park Ave. Co.,* 47 NY2d 769). Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.