■ SCHNEIDER LEASING PLUS, INC., Appellant, v FRANK STALLONE et al., Respondents.—In an action, *inter alia,* to recover damages for breach of fiduciary duty and for injunctive relief, the plaintiff appeals (1) from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated October 3, 1989, as denied its motion to preliminarily enjoin the defendants Frank Stallone, Kenneth Hagen and StepKing Plus, Inc., from soliciting or providing services for the plaintiff's customers; and (2) from so much of an order of the same court, entered January 10, 1990, as granted the motion of the defendants Cory Food Services Ind. a/k/a ARA/Cory Refreshment Services of New York, Robert Fidler and Judson Kleinman to dismiss the complaint pursuant to CPLR 3211 (a) (7) and for summary judgment pursuant to CPLR 3211 (c) and dismissed the complaint as against them.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The record reveals that the plaintiff Schneider Leasing Plus, Inc. (hereinafter Schneider) is engaged, *inter alia,* in the business of repairing commercial vehicles. This action arises from the conduct of the defendants Frank Stallone and Ken-

neth Hagen, former employees of Schneider, in incorporating a competing business known as StepKing Plus, Inc. (hereinafter StepKing) while still in Schneider's employ. Schneider's complaint alleges, among other things, that Stallone and Hagen, in breach of their fiduciary duty as employees of Schneider, misappropriated confidential files, customer lists and information of Schneider and solicited various customers of Schneider to build up a clientele for StepKing. The complaint further alleges that the other named defendants, including Cory Food Services Ind. a/k/a ARA/Cory Refreshment Services of New York, Robert Fidler and Judson Kleinman (hereinafter the Cory defendants) knowingly encouraged and participated in the breach of fiduciary duty by Stallone and Hagen. Schneider moved for a preliminary injunction to prohibit Stallone, Hagen and StepKing from further soliciting or servicing any of Schneider's present or former customers pending the resolution of the action. The Supreme Court denied the motion. Thereafter, the Cory defendants moved to dismiss the first and third causes of action of the verified complaint insofar as asserted against them for failure to state a cause of action, and for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion in its entirety and dismissed the complaint as against the Cory defendants. We now affirm these orders insofar as appealed from.

It is well settled that a preliminary injunction will not issue unless the movant demonstrates (1) a likelihood of ultimate success on the merits; (2) irreparable injury absent the granting of injunctive relief, and (3) a balance of the equities in the movant's favor *(see, Zonghetti v Jeromack,* 150 AD2d 561; *Koursiaris v Astoria N. Dev.,* 143 AD2d 639). Moreover, "the remedy of granting a preliminary injunction is a drastic one which should be used sparingly" *(McLaughlin, Piven, Vogel v Nolan & Co.,* 114 AD2d 165, 172), and which will not be granted absent a showing that there is a clear right to such relief on the undisputed facts presented *(see, Zurich Depository Corp. v Gilenson,* 121 AD2d 443; *County of Orange v Lockey,* 111 AD2d 896).

Applying the foregoing principles to the facts of the instant case, we conclude that the Supreme Court's denial of Schneider's motion for a preliminary injunction did not constitute an improvident exercise of discretion. There are sharp factual disputes as to key issues in the record which preclude a finding of likelihood of success and irreparable injury at this juncture and which warrant the denial of the motion *(see, e.g.,*

*Merrill Lynch Realty Assocs. v Burr,* 140 AD2d 589; *County of Orange v Lockey, supra; Family Affair Haircutters v Detling,* 110 AD2d 745).

We further find that the granting of summary judgment in favor of the Cory defendants was proper. An employee may create a competing business prior to leaving his employer without breaching any fiduciary duty unless he makes improper use of the employer's time, facilities or proprietary secrets in doing so *(see, Headquarters Buick-Nissan v Michael Oldsmobile,* 149 AD2d 302; *Mayo, Lynch & Assocs. v Fine,* 148 AD2d 425; *Walter Karl, Inc. v Wood,* 137 AD2d 22; *Metal & Salvage Assn. v Siegel,* 121 AD2d 200). Where such a breach of fiduciary duty has been established, third parties who have knowingly participated in the breach may be held accountable *(see, Marcus v Marcus,* 92 AD2d 887; *Pace v Perk,* 81 AD2d 444). In the present case, while the complaint alleges that the Cory defendants knowingly encouraged and participated in the purported breach of fiduciary duty committed by Stallone and Hagen, the material submitted by Schneider both in support of the motion for a preliminary injunction and in opposition to the motion for summary judgment failed to raise a triable issue of fact as to these allegations. Inasmuch as the affidavits of the Cory defendants established a prima facie entitlement to judgment as a matter of law, and Schneider failed to raise a genuine triable issue of fact indicating knowing participation of the Cory defendants in any alleged improper use of Schneider's time, facilities or proprietary secrets by Stallone and Hagen, the award of summary judgment was appropriate. Sullivan, J. P., Harwood, Miller and O'Brien, JJ., concur.