■ LARO MAINTENANCE CORP. et al., Respondents, v JOHN J. CULKIN et al., Appellants. [700 NYS2d 490] —In an action, *inter alia*, to recover damages for unfair competition, the defendants

appeal from an order of the Supreme Court, Suffolk County (Dunn, J.), entered September 2, 1998, which granted the plaintiffs' motion for partial summary judgment on the issue of liability on the third, fourth, and fifth causes of action in the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs Laro Maintenance Corp. and Laro Service Systems, Inc. (hereinafter collectively referred to as Laro), provide maintenance services for buildings. The defendant John J. Culkin was the vice president of Laro's engineering department before he submitted his resignation on July 30, 1997, and the defendant Thomas Stackpole was Laro's regional project manager before he submitted his resignation on August 25, 1997. Culkin and Stackpole formed a competing corporation, the defendant C & S Building Services, Inc. (hereinafter referred to as C & S), on July 10, 1997.

The plaintiffs commenced this action in which they alleged, *inter alia*, that Culkin and Stackpole used confidential information to solicit Laro's customers and competed with Laro while they were still employed there. In January 1998, following a two-day hearing, the court issued a preliminary injunction which precluded the defendants from soliciting those customers which Culkin and Stackpole had serviced during their employment with Laro (*see, Laro Maintenance Corp. v Culkin,* 255 AD2d 560). The Supreme Court granted Laro's subsequent motion for partial summary judgment on the issue of liability on the third, fourth, and fifth causes of action in the complaint. We affirm.

With respect to the third cause of action, the evidence established that the defendants engaged in unfair competition through the use of Laro's trade secrets. The definition of a trade secret includes a " 'compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it' " (*Ashland Mgt. v Janien,* 82 NY2d 395, 407, quoting Restatement of Torts § 757, comment *b*). Culkin developed confidential pricing information for Laro's customer contracts, based on the costs of labor, equipment, supplies, and certain risk factors, and Laro limited employee access to that information. Culkin did not dispute that access to this confidential information would permit a competitor to undercut Laro's bids on private contracts. There was ample evidence that the defendants exploited this confidential information to obtain contracts with Laro's customers (*see, Advanced Magnification Instruments v Minuteman Opt. Corp.,* 135 AD2d 889).

Culkin and Stackpole, while employed by Laro, were bound to exercise good faith and loyalty in the performance of their duties (*see, Western Elec. Co. v Brenner,* 41 NY2d 291, 295; *Lamdin v Broadway Surface Adv. Corp.,* 272 NY 133, 138; *see also, Royal Carbo Corp. v Flameguard, Inc.,* 229 AD2d 430). Moreover, as an officer of Laro, Culkin was under a fiduciary duty to refrain from engaging in a competing business (*see, Foley v D'Agostino,* 21 AD2d 60, 66-67). The evidence established that the defendants used Laro's proprietary secrets to build a competing business, and that Culkin performed consulting work for the benefit of C. & S while still employed by Laro (*see, Maritime Fish Prods. v World-Wide Fish Prods.,* 100 AD2d 81). Accordingly, the Supreme Court properly granted summary judgment to the plaintiffs on the issue of liability on the fourth and fifth causes of action. S. Miller, J. P., O'Brien, McGinity and Smith, JJ., concur.