■ BENDER INSURANCE AGENCY, INC., Appellant, v TREIBER INSURANCE AGENCY, INC., et al., Respondents. [729 NYS2d 142] —In an action, *inter alia*, to enforce a restrictive covenant contained in an employment agreement, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Parga, J.), dated January 28, 2000, which denied its motion for a preliminary injunction, and (2), as limited by its brief, from so much of an order of the same court, dated May 31, 2000, as granted the motion of the defendant Treiber Insurance Agency, Inc., to dismiss the amended complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7), and the separate motion of the defendant James P. DiGiovanni to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (7) to the extent of dismissing the second, third, fourth, seventh, eighth, and ninth causes of action.

Ordered that the order dated January 28, 2000, is affirmed; and it is further,

Ordered that the order dated May 31, 2000, is reversed insofar as appealed from, the motion of Treiber Insurance Company, Inc., is denied, and the separate motion of the defendant James P. DiGiovanni is denied in its entirety; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendant James P. DiGiovanni is a former "producer" for the plaintiff Bender Insurance Agency, Inc. (hereinafter Bender). A "producer" is an industry term for a person who, *inter alia*, solicits the purchase of insurance policies. During his tenure with Bender, DiGiovanni signed a written employment agreement (hereinafter the Agreement). The Agreement provided, *inter alia*, that DiGiovanni would not divulge any confidential information or trade secrets he became privy to during his employment with Bender, and that, for a period of five years after the termination of his employment with Bender,

he would not "solicit, directly or indirectly, any of the clients or accounts of [Bender]."

After resigning from Bender, DiGiovanni joined the defendant Treiber Insurance Agency, Inc. (hereinafter Treiber). Bender commenced this action against both DiGiovanni and Treiber seeking injunctive relief and damages. Bender alleged, *inter alia*, that DiGiovanni, while still in its employ, used its office facilities and equipment to solicit customers for himself and Treiber. Further, Bender claimed that DiGiovanni, with Treiber's knowledge and encouragement, misappropriated confidential information and trade secrets, in violation of his contractual duties and his duty of loyalty to Bender, and that both DiGiovanni and Treiber exploited such materials to solicit current and potential customers of Bender, and to engage in unfair competition. Before answering, Treiber moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7), and DiGiovanni separately moved for the same relief. By order dated January 28, 2000, the Supreme Court denied Bender's motion for a preliminary injunction and vacated a temporary restraining order. By order dated May 31, 2000, the Supreme Court dismissed the complaint insofar as asserted against Treiber and dismissed all but the first cause of action insofar as asserted against DiGiovanni. We affirm the first order and reverse the second order insofar as appealed from.

The Supreme Court properly denied Bender's motion for a preliminary injunction. To be entitled to such relief, the movant must establish: (1) the likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of equities favors the movant's position (*see, Doe v Axelrod,* 73 NY2d 748). Bender failed to establish its entitlement to such relief. However, the complaint insofar as asserted against Treiber and DiGiovanni must be reinstated.

The respondents' arguments for dismissal, both before the Supreme Court and on appeal, are premised on assertions that the Agreement is not enforceable, and the materials taken by DiGiovanni from Bender were not confidential information and/or trade secrets. Neither assertion may be sustained as a matter of law. In denying Bender a preliminary injunction, the Supreme Court noted that the non-compete clause of the Agreement appeared overbroad, and to impose an undue hardship on DiGiovanni. However, it did not find that the Agreement was unenforceable as a matter of law, nor did it indicate that it might not be enforceable in part, and we do not so find on ap-

peal (*see, Trans-Continental Credit & Collection Corp. v Foti,* 270 AD2d 250). Rather, in denying the preliminary injunction, the Supreme Court expressly left open the possibility that at trial Bender might prove its entitlement to a permanent injunction. Similarly, although the allegedly confidential materials taken from Bender by DiGiovanni were produced to the Supreme Court, the orders appealed from do not indicate that the Supreme Court examined the materials and determined as matter of law, that they were not, in fact, confidential. Such a conclusion would have required a factual inquiry not implicated on a motion to dismiss pursuant to CPLR 3211 (a) (7) (*cf., Levine v Bochner,* 132 AD2d 532). Further, the disputed materials were not attached as exhibits to the motion papers and, therefore, are not part of the record on appeal. Thus, a factual determination that the materials did not constitute confidential information and/or trade secrets cannot be reviewed on appeal. In sum, on the record presented it cannot be said, as matter of law, either that the Agreement is not enforceable or that the materials taken by DiGiovanni were not confidential information and/or trade secrets.

Otherwise, taking the allegations of the complaint, as amplified by Bender's other submissions in the case, as true, and giving Bender every reasonable inference to be drawn therefrom, Bender has sufficiently pleaded causes of action that DiGiovanni misappropriated confidential information and/or trade secrets (*see, Ashland Mgt. v Janien,* 82 NY2d 395; *Starlight Limousine Serv. v Cucinella,* 275 AD2d 704; *Hinderhofer v Daisy Mfg. Co.,* 272 AD2d 444); that such alleged misappropriation and other conduct by DiGiovanni was a breach of his Agreement and his duty of loyalty to Bender (*see, Wallack Frgt. Lines v Next Day Express,* 273 AD2d 462; *Hinderhofer v Daisy Mfg. Co., supra; Stiepleman Coverage Corp. v Raifman,* 258 AD2d 515; *Laro Maintenance Corp. v Culkin,* 267 AD2d 431; *WMW Mach. Co. v Koerber AG,* 240 AD2d 400; *Schneider Leasing Plus v Stallone,* 172 AD2d 739); and that DiGiovanni usurped corporate assets and opportunities belonging to Bender (*see, Laro Maintenance Corp. v Culkin, supra; Schneider Leasing Plus v Stallone, supra*). Because not all duties owed Bender by DiGiovanni arose from the parties' Agreement, Bender's claims that DiGiovanni usurped corporate assets and opportunities and breached his duty of loyalty, are not merely duplicative of its claim of breach of contract (*see, Dime Sav. Bank v Skrelja,* 227 AD2d 372). Further, Bender sufficiently pleaded that Treiber knowingly exploited the confidential information and trade secrets allegedly misappropriated by DiGiovanni, and engaged in unfair competition (*see, Laro Main-*

*tenance Corp. v Culkin, supra; WMW Mach. Co. v Koerber AG, supra; Schneider Leasing Plus v Stallone, supra*), and that both respondents tortiously interfered with Bender's current and prospective business relations (*see, Foster v Churchill,* 87 NY2d 744; *Stiepleman Coverage Corp. v Raifman, supra; Mayo, Lynch & Assocs. v Fine,* 148 AD2d 425). Given the reinstatement of those claims, Bender's ninth cause of action for a permanent injunction must also be reinstated. Ritter, J. P., S. Miller, Feuerstein and Townes, JJ., concur.