Beverage Mktg. USA v South Beach Beverage Co. (2004 NY Slip Op 50235(U))

[*1]

 Beverage Mktg. USA v South Beach Beverage Co.

2004 NY Slip Op 50235(U)

Decided on April 5, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 5, 2004

Supreme Court, Nassau County
 BEVERAGE MARKETING USA, INC. and HORNELL BREWING CO., INC., Plaintiffs,
against
SOUTH BEACH BEVERAGE COMPANY, INC., and JOHN BELLO, Defendants.
INDEX NO. 265/2002
FOR PLAINTIFFS

Canfield, Madden & Ruggiero, LLP, 42-24 Douglaston Parkway, Douglaston, New York 11363
FOR DEFENDANTS
Pryor, Cashman, Sherman & Flynn,LLP, 410 Park Avenue, New York, New York 10022

LEONARD B. AUSTIN, J.
ORDER
The following papers were read on Plaintiff's motion for leave to reargue this Court's order of August 26, 2003 or, alternately, for leave to serve an amended complaint:
Notice of Motion dated November 21, 2003;
Affidavit of Dominick Voltassio sworn to on November 21, 2003;
Affirmation of John P. Rugggiero, Esq. dated November 21, 2003;
Plaintiff's Memorandum of Law;
Defendant's Memorandum of Law;
Affirmation of John P. Ruggiero, Esq. dated January 6, 2004.
Plaintiffs Beverage Marketing USA, Inc. ("Beverage Marketing") and Hornell Brewing Co., Inc. ("Hornell") move for leave to reargue the order of this Court dated
August 26, 2003 to the extent that the order dismissed Plaintiffs' second cause of action (breach of fiduciary duty) and sixth cause of action (unfair competition) or, alternatively, for an order pursuant to CPLR 3025(b) granting Plaintiff leave to serve an amended complaint asserting causes of action for breach of fiduciary duty and unfair competition.
BACKGROUND [FN1]
[*2]
Beverage commenced an action in the United States District Court for the Southern District of New York against the same Defendants in 1997. The complaint alleged causes of action for copyright infringement, trade dress infringement, trademark infringement, dilution under Federal and New York law, product disparagement, misappropriation of trade secrets, breach of confidence, conversion and tortious interference with contractual relations.
By order dated November 17, 2000, Hon. Lawrence M. McKenna (U.S.D.J.) dismissed Plaintiffs' federal claims and declined to exercise jurisdiction over Plaintiffs' remaining state law claims. Judge McKenna's decision was affirmed by the United States Circuit Court of Appeals for the Second Circuit by order dated June 3, 2002.
In January 2002, Plaintiff commenced this action. The complaint alleged causes of action sounding in misappropriation of trade secrets (first cause of action), breach of
fiduciary duty (second cause of action), conversion (third cause of action), tortious inference with contract (fourth cause of action) , trade dress infringement dilution and injury to business reputation (fifth cause of action) and unfair competition and unjust enrichment (sixth cause of action).
Defendants moved for an order pursuant to CPLR 3211(a)(5) and (7) dismissing the complaint.
By order dated August 26, 2003, this Court granted Defendant's motion to the extent of dismissing the second, third, fourth, fifth and sixth causes of action.
The facts giving rise to this action involve the relationship of Defendant John Bello ("Bello") and the Plaintiffs.
Beverage Marketing and Hornell are involved in the development, production and sale of AriZona beverages. Beverage Marketing holds the trademark relating to AriZona products and licenses those rights to Hornell. Hornell distributes and markets AriZona products. The products are bottled by sub-contractors.
In 1993, Plaintiffs began to market the AriZona brand of soft drinks. Plaintiffs allege that they have numerous valuable trade secrets and confidential information relating to the products they market under the AriZona brand name and that they took appropriate measures to protect this information.
In August, 1994, Hornell hired Bello as its Vice President of Marketing and Sales.
During the course, and as part, of his employment, Bello was provided with confidential and proprietary information relating to the AriZona products.
After working for Hornell for approximately five (5) months, Bello left Hornell and formed South Beach Beverage Company, Inc. ("SOBE"). Plaintiffs allege that Bello used Hornell's confidential and proprietary information to develop and market SOBE products.
Plaintiffs allege that Bello and SOBE used the same formulas and processing techniques utilized by Hornell. SOBE also is alleged to have used the same third party suppliers and packers that were used by Hornell.
By order dated August 26, 2003, this Court dismissed Plaintiffs' second, third, fourth, fifth and sixth causes of action. Plaintiffs seeks to reargue from this Court's order of August 26, 2003 to the extent that it dismissed the cause of action for breach of fiduciary duty (second cause of action) and unfair competition and unjust enrichment (sixth cause of action) or, alternatively, [*3]seeks leave to serve an amended complaint as to those causes of action.
DISCUSSION
A. Standard for Reargument
A motion to reargue is addressed to the discretion of the court and may be granted upon a showing that the court overlooked or misapprehended the facts or misapplied the relevant law or for some other reason improperly decided the prior
motion. Hoey-Kennedy v. Kennedy, 294 A.D. 2d 573 (2nd Dept. 2002); Long v. Long, 251 A.D. 2d 631 (2nd Dept.1998); and Foley v. Roche, 68 A.D. 2d 558 (1st Dept., 1979). A motion to reargue is not a means by which the unsuccessful party can obtain a second opportunity to argue issues previously decided or to present new or different arguments relating to the issues previously decided. McGill v. Goldman, 261 A.D.2d 593 (2nd Dept., 1999); and Pahl Equip. Corp. v. Kassis, 182 A.D.2d 22 (1st Dept.1992).
B. Breach of Fiduciary Duty
An employee owes one's employer a duty of good faith and loyalty in the performance of the employee's duties. Wallack Freight Line, Inc. v. Next Day Express, Inc., 273 A.D. 2d 462 (2nd Dept. 2000); and Maritime Fish Prods. v. World-Wide Fish Prods., 100 A.D.2d 81 (1st Dept.1984). See also, Phansalkar v. Andersen Weinroth & Co., L. P., 344 F. 3d 184 (2nd Cir. 2003).
 In the absence of a covenant not to compete, an employee may organize a business that competes with that of his former employer, unless the former employee uses the former employer's trade secrets or employs fraudulent methods to compete.
NCN Company, Inc. v. Cavanagh, 215 A.D.2d 737 (2nd Dept., 1995); and Walter Karl, Inc. v. Wood, 137 A.D.2d 22 (1st Dept., 1988).
An employee may incorporate a competing business prior to leaving one's employer without breaching his fiduciary duty unless the employee improperly uses the employer's time, facilities or trade secrets. Wallack Freight Line, Inc. v. Next Day
Express, Inc., supra; and Schneider Leasing Plus, Inc. v. Stallone, 172 A.D.2d 739 (2nd Dept. 1991).
The Court agrees with Plaintiffs that it misapprehended the law in its August 26, 2003 decision on the issue of whether Bello owed a fiduciary duty to Plaintiff. The cases upon which Court relied in concluding that Bello, as employee, did not have a fiduciary relationship to Hornell, as employer, do not involve the employer-employee relationship. Those cases involve arm's length contractual relationships. Bello's employment by Hornell for five months as its Vice President of Marketing clearly created a fiduciary relationship between them.
Court must now review the complaint to determine if it sets forth a claim upon which relief could be granted.
When deciding a motion made pursuant to CPLR 3211(a)(7), the court must accept as true all of the facts alleged in the pleadings and any evidentiary submissions made in opposition to the motion. 511 West 232rd Street Owners Corp v. Jennifer Realty Co., 98 N.Y.2d 144 (2002); and Sokoloff v. Harriman Estates Development Corp., 96 N.Y.2d 409 (2001). The court must also give the pleader the benefit of every possible inference which may be drawn from the [*4]pleading. Leon v. Martinez, 84 N.Y.2d 83 (1994). See also, Dye v. Catholic Med. Ctr. of Brooklyn & Queens, Inc., 273 A.D.2d 193 (2nd Dept. 2000).
The challenged pleading must be read to determine if the pleader has a cause of action and not whether it has been properly plead. Guggenheimer v. Ginzburg, 43 N.Y.2d 268 (1977); and Rovello v. Orofino Realty Co., 40 N.Y.2d 633 (1976). See also, Kenneth R. v. Roman Catholic Diocese of Brooklyn, 229 A.D.2d 159 (2nd Dept.1997); and Goldman v. Goldman, 118 A.D.2d 498 (1st Dept.1986). The court must determine from the facts as alleged in the complaint and inferences which may be drawn from those facts whether the pleaded has any legally cognizable cause of action. Sokoloff .v Harriman Estates Development Corp., supra. See also, Frank v. DaimlerChrysler Corp., 292 A.D.2d 118 (1st Dept., 2002).
While the allegations contained in the complaint must be deemed true, legal conclusions and facts directly contradicted on the record are not entitled to such a presumption. Morris v. Morris, 306 A.D.2d 449 (2nd Dept. 2003); and Doria v. Masucci, 230 A.D.2d 764 (2nd Dept.1996). When the moving party submits evidentiary material, the court must determine if the pleader has a cause of action; not whether a cause of action has been properly plead. Morris v. Morris, supra; and Meyer v. Guinta, 262 A.D.2d 463 (2nd Dept., 1999).
Plaintiffs assert that they spent significant amounts of time and effort in formulating their flavors and production specifications and that they took appropriate precautionary measures to preserve their exclusive knowledge of this information. (Complaint ¶¶ 8, 9 and 16) The complaint further alleges that, during the period of
August through December 1994, Bello was Hornell's Vice President of Sales and Marketing. During that period of time, Bello was provided with, and had access to, the allegedly proprietary and confidential information which was provided to him to permit him to properly perform his job. (Complaint ¶¶ 10,11) The complaint alleges that, during this time, Bello was formulating his plan for the creation of SOBE and that he intended to and did use Hornell's confidential and proprietary information in connection with the formulation and marketing of SOBE products. (Complaint ¶¶ 12-14)
A trade secret is information used in one's business which is not available to one's competitors which gives one a competitive advantage. Laro Maintenance Corp. v. Culkin, 267 A.D.2d 431 (2nd Dept.1999). Formulas used for one's products may be trade secrets. See, Ashland Management, Inc. v. Janien, 82 N.Y.2d 395 (1993). In determining if something is a trade secret, the court should consider the extent to which the information is known outside of the business, the extent to which it is known to employees and others in the business, the measures taken to protect the information, the value the information has to the business and to competitors, the amount of time and money expended in developing the information and the ease or difficulty that would be encountered in acquiring or duplicating it. Ashland Management, Inc. v. Janien, supra; and Restatement of Torts §757, comment b.
Beverage Marketing and Hornell allege that they spent significant time and effort in developing these formulas for their products and the process for bottling these
[*5]
beverages and claim to have provided this material only to their bottlers. They also claim that these formulas were developed for use in their specific bottling process. Plaintiffs aver that these factors would make it extremely difficult and expensive for SOBE, Bello or any other competitor to develop a similar product. In addition, only John Ferolito and Dominick Vultaggio, Beverage Marketing and Hornell's principals, had specific knowledge of these formulas and production guidelines.
Ferolito and Vultaggio provided information regarding their formulas and bottling process to Bello in his capacity at Hornell's Vice President of Marketing and Sales to permit him to perform his job.
Plaintiffs have made sufficient allegations in the complaint that there was an employer-employee relationship between Hornell and Bello which gave rise to a fiduciary duty owed by Bello to Hornell; that Bello was provided with confidential and proprietary information in his capacity as a Hornell employee; and that Bello used that information to compete with Hornell when he terminated his employment with Hornell. Discovery will establish Plaintiff's ability to sustain these allegations. However, the complaint alleges sufficient facts and the inferences which can be drawn therefrom to sustain a cause of action for breach of fiduciary duty. See, Schneider Leasing Plus, Inc. v. Stallone, supra.
In view of this, reargument is granted and upon reargument, Defendants' motion to dismiss the second cause of action is hereby denied.
C. Unfair Competition
The sixth cause of action alleges a cause of action for unfair competition. Plaintiffs voluntarily withdrew their claims premised upon General Business Law §§368-d, 368-e. This Court's August 26, 2003 order held that Plaintiffs were collaterally estopped from asserting their common law unfair competition claim.
To establish a cause of action for unfair competition, Plaintiffs must establish that the public is likely to confuse Defendant's product or service with that of Plaintiff. Allied Maintenance Corp. v. Allied Mechanical Trades, Inc., 42 N.Y.2d 538 (1977). See also, Camelot Assocs. Corp. v. Camelot Design & Dev., LLC, 298 A.D.2d 799 (3rd Dept.
2002); and Eagle Comtronics, Inc. v. Pico Products, Inc., 256 A.D. 2d 1202 (4th Dept. 1998).
To establish a claim for unfair competition, Plaintiff must establish that the
Defendant acted in bad faith. Camelot Assocs. Corp. v. Camelot Design & Dev. LLC, supra.
Collateral estoppel prevents a party from relitigating, in a subsequent action, issues which have been decided against that party in a prior action in which the party had a full and fair opportunity to litigate the issue. Kaufman v. Eli Lilly and Co., 65 N.Y.2d 449 (1985); Gilberg v. Barbieri, 53 N.Y.2d 285 (1981); and Schwartz v. Public Admin. of County of Bronx, 24 N.Y.2d 65 (1969). The party seeking the benefit of collateral estoppel must establish that the issue was decided in the prior action or
proceeding while the party opposing the application of collateral estoppel must establish that it did not have the opportunity to fully and fairly litigate the issue in the prior action. Kaufman v. Eli Lilly and Co., supra.
Plaintiffs assert that the state common law unfair competition claim was not decided by [*6]Judge McKenna. To the contrary, Defendants argue that in granting summary judgment dismissing Plaintiffs' federal trade dress, dilution and unfair competition claims brought pursuant to the Lanham Act, 15 U.S.C. §§1125(a)(1)(b), 15 U.S.C. §1125(c) and 15 U.S.C. §1127, the United States District Court specifically held that there was no likelihood of confusion between Plaintiffs' and Defendants products.
See, Beverage Marketing USA, Inc. v. South Beach Beverage, 2000 WL 1708214 (SDNY).
Proof of likelihood of confusion is an essential element of Plaintiffs' state common law unfair competition claims. The United States District Court has held that there was no likelihood of confusion when it granted summary judgment dismissing Plaintiffs' Lanham Act claims. The Second Circuit affirmed the District Court's grant of summary judgment (2002 WL 1162789 [2d Cir.]). The Second Circuit, on a de novo review of the evidence, found that there was no likelihood of confusion between Plaintiffs' and Defendants' products. Id. at *3. Plaintiffs are, thus, estopped from asserting or proving a likelihood of confusion in this action.
For the foregoing reasons, Plaintiffs' motion seeking reargument of this Court's order dated August 26, 2003 which dismissed its sixth cause of action is denied.
D. Motion to Amend
Since the Court is granting reargument and reinstating the second cause of action, Plaintiffs' motion to amend its complaint relating to its second cause of action alleging breach of fiduciary duty is denied as moot.
"Leave to serve amended pleadings ' shall be freely given', absent prejudice and surprise resulting from delay (Citations omitted)". Northbay Construction Co., Inc. v. Bauco Constr. Co., 275 A.D.2d 310, 311 (2nd Dept. 2000).
The court will not consider the merits of the proposed amendment unless the proposed amendment is so meritless as to have no chance of success. Siegel, New York Practice 3rd §237. See also, Norton v. Norton, 12 A.D.2d 1003 (4th Dept.1961); and B v. B, 78 Misc.2d 112 (Sup. Ct., Kings Co., 1974).
In this case, as a matter of law, the proposed amendment to the sixth cause of action has no chance of success. An essential element of proof in a common law action for unfair competition is a likelihood of confusion between Plaintiffs' and Defendants' products. That issue has previously been decided against the Plaintiffs in the federal court action. As a result, Plaintiffs are collaterally estopped from relitigating that issue in this action. Since Plaintiffs will be unable to establish an essential element of their common law unfair competition claim, the proposed amendment is meritless and
cannot be sustained or permitted. As a result, Plaintiffs' motion for leave to serve an amended complaint as to its sixth cause of action is denied.
Accordingly, it is,
ORDERED, that Plaintiffs' motion for reargument of this Court's order dated August 26, 2003 is granted as to Plaintiff's second cause of action and denied as to Plaintiffs' sixth cause of action; and it is further,
ORDERED, that, upon reargument, Defendants' motion seeking dismissal of Plaintiffs' [*7]second cause of action is denied; and it is further,
ORDERED, that Plaintiffs' motion for leave to serve an amended complaint as to their second cause of action is denied as moot and as to their sixth cause of action is denied with prejudice.
This constitutes the decision and Order of the Court.
 April 5, 2004 Hon. LEONARD B. AUSTIN, J.S.C.

Decision Date: April 05, 2004
Footnotes

Footnote 1: The Court considered all of the papers submitted in support of and in opposition to Defendants' motion for an order pursuant CPLR 3211(a)(5) and(7) which resulted in the Court's August 26, 2003 order in deciding this motion.