Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 17, 2012, which granted defendant attorney’s motion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.
Plaintiff established an issue of fact as to whether an attorney-client relationship existed between her and defendant Field, with her sworn testimony that defendant expressly undertook to prepare promissory notes for her, albeit with the fees paid by another (see Jane St. Co. v Rosenberg & Estis, 192 AD2d 451 [1st Dept 1993], lv denied 82 NY2d 654 [1993]). However, plaintiffs failure to provide an expert affidavit as to the standard of care and professional competence in this area, to rebut defendant’s expert affidavit, is fatal to her claim (see Estate of Nevelson v Carro, Spanbock, Raster & Cuiffo, 259 AD2d 282, 283 [1st Dept 1999]). Moreover, the claim has to be dismissed in any event as time-barred. The allegedly defective documents were prepared in 1999, and thus, the statute of limitations ran no later than 2002 (Shumsky v Eisenstein, 96 NY2d 164, 166-167 [2001]). As this action was brought five years too late, in 2007, it must be dismissed. That defendant allegedly represented plaintiff in 2004 does not change this result. That representation, while related to the proceeds of the promissory notes drafted in 1999, was to draft documents to ensure the proceeds of the notes passed to plaintiffs children. Hence, the new representation was insufficiently related to the matter sued upon to bring it within the continuous representation doctrine (id. at 168). Concur—Tom, J.E, Andrias, Renwick and DeGrasse, JJ.