Order, Supreme Court, New York County (Louis B. York, J.), entered January 25, 2013, which, insofar as appealed from, denied the Dollinger defendants’ motion for summary judgment dismissing the complaint as against them, unanimously affirmed, with costs.
Defendants preserved the defense that plaintiff lacked the capacity to sue derivatively on behalf of its cotenant-in-common by asserting the defense in their answer (see CPLR 3211 [a] [3]; [e]; see also Security Pac. Natl. Bank v Evans, 31 AD3d 278 [1st Dept 2006], appeal dismissed 8 NY3d 837 [2007]). However, plaintiff adequately alleged injuries to the common entity and the futility of a demand thereon.
Plaintiffs belatedly asserted grounds for alleging legal malpractice may be entertained since they involve no new factual allegations and no new theories of liability, and there is little or no basis on which defendants could claim surprise or prejudice (see generally Alarcon v UCAN White Plains Hous. Dev. Fund Corp., 100 AD3d 431 [1st Dept 2012]; Valenti v Camins, 95 AD3d 519 [1st Dept 2012]). The new claims raise issues'of fact whether defendants were negligent in their legal representation of the tenants-in-common, and whether, but for the alleged negligent representation, the tenants-in-common would have been able to avoid the extensive delays in project construction that resulted in the loss of the construction loan, construction delay expenses, and increased attorneys’ fees. The tenants-in-common retained defendants initially to advise them with respect to a stop work order issued by the Department of Transportation (DOT) that prohibited further demolition until an appropriate permit was secured from DOT or the Department of Buildings. Rather than trying to secure a permit or obtain a definitive statement of the ownership of the retaining wall sought to be demolished, defendants reviewed a survey and deed and accepted DOT’s position that the wall was on city property, and entered into what became protracted negotiations *488 with DOT. In moving for summary judgment, defendants did not submit an expert legal opinion as to the ownership of the wall (which is not clear from the record) or whether the failure to seek a demolition permit rather than engage in negotiations constituted negligence, issues that are beyond the ken of the ordinary person (see Nuzum v Field, 106 AD3d 541 [1st Dept 2013]; Cosmetics Plus Group, Ltd. v Traub, 105 AD3d 134, 141 [1st Dept 2013], lv denied 22 NY3d 855 [2013]).
As to the conflict of interest claim, while plaintiff was aware that defendants were representing the cotenant-in-common, issues of fact exist whether defendants’ actions on behalf of the cotenant-in-common were in conflict with the interests of the tenants-in-common, particularly since the tenant-in-common management agreement called for unanimous consent on material changes in the project. For example, an affidavit submitted by plaintiff says that plaintiff was not given notice of the switch from a condominium project to a rental project, which the cotenant-in-common undertook while being advised by defendants.
We have considered defendants’ remaining arguments and find them unavailing. Concur — Gonzalez, EJ., Sweeny, Richter, Manzanet-Daniels and Clark, JJ.