■ LEGGIADRO, LTD., et al., Appellants-Respondents, v WINSTON & STRAWN, LLP, Respondent-Appellant. [988 NYS2d 493]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 3, 2013, dismissing the claims of plaintiffs Brooks Ross and Ann Ross and dismissing the claims of plaintiff Leggiadro, Ltd., except for the claim related to the New York City general corporation tax, unanimously affirmed, without costs. Appeals from order, same court and Justice, entered March 6, 2013, unanimously dismissed, without costs, as subsumed in the appeals from the judgment.

In this legal malpractice action, the individual plaintiffs, who are not identified as clients in the written retainer agreement and did not sign the retainer in an individual capacity, failed to establish the existence of an attorney-client relationship (see Federal Ins. Co. v North Am. Specialty Ins. Co., 47 AD3d 52, 59 [1st Dept 2007]; cf. Huffner v Ziff, Weiermiller, Hayden & Mustico, LLP, 55 AD3d 1009 [3d Dept 2008]). Brooks Ross's claim to have requested that defendant advise of "any and all tax liabilities arising from [a] Buy-Out" of Leggiadro's commercial lease, does not, without more, create a duty to advise the individual plaintiffs of the personal income tax ramifications of the buyout arising by virtue of their status as S-Corporation shareholders. No "special circumstances" upon which to find a "near privity" relationship and extend liability to the individual plaintiffs have been alleged (compare Good Old Days Tavern v Zwirn, 259 AD2d 300 [1st Dept 1999]; Town Line Plaza Assoc. v Contemporary Props., 223 AD2d 420 [1st Dept 1996]). Moreover, the individual plaintiffs' history of paying pass-through taxes on the S-Corporation precludes them from reasonably relying on defendant's alleged failure to identify such liability here (see Ableco Fin. LLC v Hilson, 109 AD3d 438 [1st Dept 2013], lv denied 22 NY3d 864 [2014]).

In order to defeat the motion to dismiss, Leggiadro only needed to "plead allegations from which damages attributable to defendant's conduct might be reasonably inferred" (InKine Pharm. Co. v Coleman, 305 AD2d 151, 152 [1st Dept 2003] [internal quotation marks and brackets omitted]). Leggiadro's claim that, had it known of the full tax ramifications of the buyout, it would have either insisted that the landlord account for such amount in the settlement figure, in order to make

relocation financially viable, or refused to relocate, is not speculative and is instead based upon, inter alia, Leggiadro's alleged strong bargaining position with its landlord, as evidenced by the amount of time left on the lease, the absence of an immediate need to relocate, and the alleged importance of the leased space in the landlord's conversion plans (*see Fielding v Kupferman*, 65 AD3d 437 [1st Dept 2009]; *cf. Sherwood Group v Dornbush, Mensch, Mandelstam & Silverman*, 191 AD2d 292, 294 [1st Dept 1993]). Concur—Friedman, J.P., Sweeny, Andrias, Saxe and Kapnick, JJ.