■ MICHAEL A. BRION et al., Respondents, v JORGE W. MOREIRA et al., Appellants. [28 NYS3d 608]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered February 4, 2015, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint alleging legal malpractice, unanimously modified, on the law, to grant the motion to dismiss the claims of plaintiff Basonas Construction Corp., and otherwise affirmed, without costs.

The individual plaintiff (Michael) has adequately alleged a privity relationship between him and defendants, an attorney and his law firm, and the documentary evidence does not conclusively refute those allegations (*see generally AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 595 [2005]). In particular, the complaint adequately alleges that defendants, who handled estate matters for Michael's father, now deceased, also agreed to represent both Michael and his father in formalizing an alleged oral agreement between them, which was largely to Michael's benefit, and which involved transfer of the father's ownership interests in corporations owned by both of them to Michael (*see Nuzum v Field*, 106 AD3d 541, 541 [1st Dept 2013]; *Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 259 AD2d 282 [1st Dept 1999]). Although Basonas also adequately alleged a privity relationship that was not conclusively refuted by the documentary evidence, the vague allegation that it suffered unspecified

lost profits as a result of defendants' malpractice was insufficient to support a malpractice claim. Basonas failed to set forth factual allegations from which one could reasonably infer that lost profits were attributable to defendants' alleged negligent conduct (see Leggiadro, Ltd. v Winston & Strawn, LLP, 119 AD3d 442, 442 [1st Dept 2014]).

The documentary evidence does not conclusively refute Michael's allegation that the "Acknowledgment of Debt" drafted by defendants failed to memorialize the terms of the oral agreement between him and his father.

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Gesmer, JJ.