■ CYNTHIA O'NEAL, Appellant, v MUCHNICK GOLIEB & GOLIEB, P.C., et al., Respondents. [53 NYS3d 271]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about February 17, 2016, which, to the extent appealed from as limited by the briefs, granted defendants' motion pursuant to CPLR 3211 to dismiss the legal malpractice claims based on the assumption of a lease and the failure to oppose summary judgment in an underlying action, the breach of fiduciary duty claims, and the Judiciary Law § 487 claims, and denied plaintiff's application for leave to amend the complaint to add the Good Service Company, Inc. as a nominal defendant, unanimously modified, on the law, to deny defendants' motion as to the fiduciary duty and Judiciary Law § 487 claims and so much of the malpractice claim as arose in connection with the assignment of a lease, and to grant plaintiff's application to amend, and otherwise affirmed, without costs.

The allegation that, while representing plaintiff in the assignment-of-lease negotiations, counsel secretly represented the counterparty so as to obtain favorable terms for the counterparty, which resulted in a lower-than-market price for the assignment, states a claim for legal malpractice (*see Leggiadro, Ltd. v Winston & Strawn, LLP*, 119 AD3d 442 [1st Dept 2014]).

Defendants' decision not to oppose summary judgment in the action by the bank creditor does not constitute malpractice. The decision was a strategic choice made in light of the lack of a meritorious defense (*see Dweck Law Firm v Mann*, 283 AD2d 292 [1st Dept 2001]). Moreover, the fact that replacement counsel was able to re-open the briefing and submit opposition

to the motion and still lost demonstrates the lack of a causal connection between defendants' decision not to oppose and any alleged damages.

The breach of fiduciary duty claim is not duplicative of the malpractice claims, since it is based on actions taken after the termination of the representation (*see Dinhofer v Medical Liab. Mut. Ins. Co.*, 92 AD3d 480 [1st Dept 2012], *lv denied* 19 NY3d 812 [2012]).

The allegation that defendants advised plaintiff to transfer her assets, in violation of a court order about which they had not informed her, to draw the ire of creditors so that they would seek collection against her before pursuing her co-defendants is sufficient to state a claim under Judiciary Law § 487 (*see generally Kurman v Schnapp*, 73 AD3d 435 [1st Dept 2010]).

Given that all the other elements of the derivative claims are pleaded in the body of the complaint, and there is no prejudice to defendants, we grant plaintiff leave to amend the caption to add the corporation as a party. Concur—Friedman, J.P., Richter, Feinman, Gische and Gesmer, JJ. ■