Cordero v 1278 Mini Mkt. Inc. (2021 NY Slip Op 02219)





Cordero v 1278 Mini Mkt. Inc.


2021 NY Slip Op 02219


Decided on April 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 08, 2021

Before: Webber, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 306551/11 Appeal No. 13553 Case No. 2020-04386 

[*1]Dolores Cordero, Plaintiff-Respondent,
v
1278 Mini Market Inc. et al., Defendants-Respondents, Mar-Gol Realty Ltd., Defendant-Appellant.


McGaw, Alventosa & Zajac, Jericho (Andrew Zajac of counsel), for appellant.
Law Offices of Robert Washuta, P.C., New York (Robert Washuta of counsel), for Dolores Cordero, respondent.



Order, Supreme Court, Bronx County (Robert T. Johnson, J.), entered on or about September 8, 2020, which denied the motion of defendant Mar-Gol Realty Ltd. (Mar-Gol) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that she was walking on the sidewalk in front of a bodega called the Pompa Deli Mini Market when she was struck by a stack of aluminum floor panels that had been leaning against the bodega's storefront, causing injury to her right shoulder, requiring surgery. Defendant Mar-Gol owned the property and codefendant 1278 Mini Mart, Inc. d/b/a Pompa Deli Mini Market was operating the bodega pursuant to its lease agreement with Mar-Gol at the time of the accident.
In denying defendant Mar-Gol's motion for summary judgment, Supreme Court properly considered the theory that Mar-Gol's failure to keep the sidewalk in a reasonably safe condition as required by Administrative Code § 7-210. The theory was sufficiently pleaded in the complaint and the bill of particulars to avoid any surprise or prejudice to Mar-Gol (see DB v Montefiore Med. Ctr., 162 AD3d 478, 478-479 [1st Dept 2018]). When read together, the complaint and the bill of particulars allege that Mar-Gol's negligence in its ownership, operation, maintenance, and control of the premises violated the applicable rules, statutes, and ordinances governing its activities, because a sheet of metal had been positioned, secured, or stored in such a manner that it constituted a dangerous and defective condition before it fell from the premises and struck plaintiff while she was lawfully on the sidewalk. Accordingly, plaintiff's belated identification of Administrative Code § 7-210 does not raise a new theory of liability as it merely amplifies and elaborates upon the facts and theories that were already alleged in the complaint and the bill of particulars (see Wadsworth Condos, LLC v Dollinger Gonski & Grossman, 114 AD3d 487, 487 [1st Dept 2014]; Alarcon v UCAN White Plains Hous. Dev. Fund Corp., 100 AD3d 431, 432 [1st Dept 2012]).
Mar-Gol's argument that it may avoid liability imposed upon a property owner under Administrative Law § 7-210 by entering into a lease agreement that required codefendant to maintain the sidewalk adjacent to its property has been rejected by the Court of Appeals (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 174-175 [2019]). Contrary to Mar-Gol's contention, the hazard posed by the metal flooring panel that was on the walking surface of the sidewalk adjacent to its property and positioned so that it was leaning against the exterior of its building, implicates this provision (see Spielmann v 170 Broadway NYC LP, 187 AD3d 492, 493 [1st Dept 2020]). Furthermore, Mar-Gol's submissions, including the deposition testimony of its building superintendent, failed to establish that it lacked constructive notice of the alleged defect, because it produced no evidence as to when the sidewalk was last inspected before the [*2]accident (see Yuk Ping Cheng Chan v Young T. Lee & Son Realty Corp., 110 AD3d 637 [1st Dept 2013]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2021